44465. WILSON et al. v. CITY OF EAST POINT, GEORGIA.

(360 SE2d 254)

HUNT, Justice.

A. P. Wilson and Mildred Betsill brought this action seeking to enjoin the City of East Point (the City) from cancelling certain provisions of their insurance benefits which they had been provided as retired employees of the City. The trial court denied the relief sought, following a trial without a jury, and the plaintiffs appeal, claiming contractual and vested rights to the benefits. We affirm.

At the time plaintiffs retired from their employment with the City, the City provided life insurance for its retired employees for specified coverages for different employees, in the amounts of $20,000 or $40,000, by paying 80% of the premium cost, which was funded as part of the City's budget, separately from the City's pension plans. The retired employees paid the remaining 20% of the premium cost through withholdings from their pension salary benefits. Approximately five years after the plaintiffs retired, the City reduced the payment of life insurance benefits to its retired employees, agreeing to pay all the premiums on the first $5,000 of life insurance coverage, while providing that retired employees could purchase additional coverage as desired through withholdings from their pension salary benefits.

Contrary to plantiffs' contentions, there is no evidence of any contractual or other right on their parts to a continuation of the amount of life insurance benefits they received at retirement. Indeed, the ordinance establishing the retirement plan under which Wilson retired specifically stated that the City would have the power to provide life insurance benefits, but only "for such time as may be determined by the City Council." The ordinance establishing the retirement plan under which Betsill retired does not even provide for life insurance benefits. Further, the applicable life insurance plan specifically states that the plaintiffs' contributions towards the cost of coverage provided was subject to change. Finally, it is uncontroverted that plaintiffs are receiving all retirement benefits to which they are entitled under applicable retirement plans and they make no claim to the contrary. The cases cited by plaintiffs in support of their claims, e.g., *Withers v. Register,* 246 Ga. 158 (269 SE2d 431) (1980), pertain

to the constitutional vesting of retirement benefits, and are inapplicable here where the life insurance benefits are provided separately and distinctly from retirement benefits, where the plaintiffs were never promised a continuation of their life insurance benefits, and where the plaintiffs were placed on notice that those benefits were subject to change.

*Judgment affirmed. All the Justices concur. Smith, J., disqualified.*

DECIDED SEPTEMBER 24, 1987.

*John Tye Ferguson,* for appellants.
*Eidson & Llewellyn, David J. Llewellyn, James A. Eidson,* for appellee.