44808. ARNESON et al. v. BOARD OF TRUSTEES OF THE EMPLOYEES' RETIREMENT SYSTEM OF GEORGIA et al.

(361 SE2d 805)

WELTNER, Justice.

The late Judge John Kelley Quillian applied to the Employees' Retirement System of Georgia for retirement benefits pursuant to provisions of OCGA § 47-2-91. Four taxpayers challenged the actions of the system's governing board in awarding such benefits. The trial court dismissed the complaint for want of standing.

1. The complainants base their standing on the provisions of OCGA § 9-6-24, as follows: "Where the question is one of public right and the object is to procure the enforcement of a public duty, no legal or special interest need be shown, but it shall be sufficient that a plaintiff is interested in having the laws executed and the duty in question enforced."

The board, in response, contends that it has no public duties, and that there is no public right in the operation of the retirement system. Precedent, however, indicates the contrary.

(a) "Property held by a public corporation for the benefit of the state and not for private or corporate profit and income is public property. . . . Property held by the retirement systems is not held for the benefit of private citizens; it is held for the benefit of public employees for whom the General Assembly has created retirement systems. Although the properties in question produce income,. . . they are nonetheless public property." *Teachers' Retirement System v. City of Atlanta*, 249 Ga. 196, 198-199 (288 SE2d 200) (1982).

(b) "The public may not be estopped by the acts of any officer done in the exercise of an unconferred power." *Tate v. Teachers' Retirement System*, 257 Ga. 365, 366 (359 SE2d 649) (1987).

The Employees' Retirement System is a public body; its assets are public property; and its officers are public officials who discharge public duties.

2. The board insists that only beneficiaries of the retirement system may complain of the acts of its officials. However, status as a beneficiary of the retirement system is not the sole basis for standing to question the operation of the system.

(a) "Public officers are the trustees and servants of the people and are at all times amenable to them." Constitution of the State of Georgia of 1983, Art. I, Sec. II, Par. I.

(b) " 'This court has many times recognized the right of a taxpayer to apply to a court of equity to prevent public officers from

taking action or performing acts which they have no authority to do. [Cits.]' It was held by this court as early as 1871 that a court of equity is authorized to interfere to restrain the action of a municipal official if it appears that the act is ultra vires or fraudulent and corrupt. *Wells v. Atlanta*, 43 Ga. 67 (2) (1871). Accord *Moore v. Robinson*, 206 Ga. 27 (55 SE2d 711) (1949); *Keen v. Waycross*, 101 Ga. 588 (29 SE 42) (1897)." *League of Women Voters v. Atlanta*, 245 Ga. 301, 303 (264 SE2d 859) (1980).

(c) More recently, the requisites for standing have been enunciated in *Newsome v. City of Union Point*, 249 Ga. 434, 437 (291 SE2d 712) (1982): "In order for a plaintiff to bring a suit in equity to challenge the actions of a municipality, based solely on his status as a citizen, resident, and taxpayer, he must allege that those actions were ultra vires. For the action to be considered ultra vires, it must appear that the action taken was beyond the scope of the powers that have been expressly or impliedly conferred on the municipality."

It will be seen that the actions of the board are not beyond a citizen's assertion of ultra vires, whether or not the complainant is a beneficiary of the retirement system.

Public responsibility demands public scrutiny.

3. The complainants' standing here is dependent upon the correctness of their contention that the questioned actions are ultra vires.

Their complaint raises three quarrels: credit accorded for part-time employment; retroactive application of the retirement statute; and inclusion of unused annual leave and sick leave.[1]

(a) The first of these contentions alleges no conduct that is ultra vires. "When a municipal corporation is, by its proper officers, acting within the scope of its powers, a Court of equity will not, at the instance of the tax-payers of the corporation, interfere to restrain or control its action, on the ground that the same is unwise or extravagant." *Wells v. Atlanta*, supra, 43 Ga. at 67. See also *Dept. of Transp. v. City of Atlanta*, 255 Ga. 124, 129 (d) (i) (337 SE2d 327) (1985).

The duties of the retirement system include the assessment and

---

[1] The complaint contains four counts, summarized as follows: 1) OCGA § 47-2-91 (b) is unconstitutional insofar as it purports to grant retirement credit for forfeited sick and annual leave to elected officials. The attempt to do so violates Art. III, Sec. VI, Par. VI of the Constitution of Georgia of 1983, which prohibits the General Assembly from granting any donation or gratuity, or from granting or authorizing additional compensation to any public officer after his service has been rendered. 2) Insofar as OCGA § 47-2-91 (b) purports to authorize such retirement credit prior to the effective date of the statute, it violates Art. I, Sec. I, Par. X, which provides that no retroactive law shall be passed; and Art. III, Sec. VI, Par. XI, which prohibits the General Assembly from granting or authorizing extra compensation to any public officer after his term of office has expired. 3) The regulations likewise are unconstitutional. 4) The board's calculation resulted in credit for part-time employment, which does not constitute creditable service.

calculation of entitlements. Even if the computation here were in error, nevertheless it was not ultra vires.

(b) Similarly, the board may establish credit for unused leave that was accumulated during periods of time antedating the enactment of the statute. "A statute does not operate retroactively because it relates to antecedent facts." *Todd v. Morgan*, 215 Ga. 220, 222 (109 SE2d 803) (1959).

The argument as to retroactivity must fail.

4. The third and major argument of the complainants is that any statutory authority to allocate retirement credit for unused annual leave or sick leave to the benefit of elected officials is unconstitutional, and itself ultra vires. See n. 1, supra.

(a) OCGA § 47-2-91 (b) provides retirement credit for unused annual leave and sick leave for all members of the retirement system, including elected state officials. Similarly, OCGA § 47-2-91 (c) directs that "unclassified members"[2] are entitled to the same leave benefits as classified employees. OCGA § 47-2-91 (e) recognizes that unused annual leave and sick leave may serve as retirement credit for the benefit of elected officials.[3]

(b) The Constitution of our state does not prohibit the award to elected judicial officers of creditable service for retirement purposes based upon accrued but unused annual leave and sick leave. Rather, it states this: "All judges shall receive compensation and allowances as provided by law." Constitution of the State of Georgia of 1983, Art. VI, Sec. VII, Par. V. See also Art. III, Sec. X, Par. I: "Public funds may be expended for the purpose of paying benefits and other costs of retirement and pension systems for public officers and employees and their beneficiaries."

(c) OCGA § 47-2-91 conflicts with no provision of our state's Constitution. While the Constitution contains no specific establishment of annual leave or sick leave for elected officials, it is within the powers of the General Assembly to establish such as an emolument of employment, and to provide that unused leave may be credited as service for retirement purposes. "The General Assembly shall have the power to make all laws not inconsistent with this Constitution, and not repugnant to the Constitution of the United States, which it shall deem necessary and proper for the welfare of the state." Constitution of the State of Georgia of 1983, Art. III, Sec. VI, Par. I.

---

[2] Elected state officials, as was Judge Quillian, come within this category. OCGA § 47-2-91 (a) (5).

[3] See also OCGA § 47-2-91 (d), which provides: "For the purposes of this Code section, compensatory time shall not be applicable to elected state officials and no elected state official may offset any annual or sick leave taken by any such official by any compensatory time which might otherwise be applicable to such official."

(d) "[A] statute or ordinance establishing a retirement plan for government employees becomes a part of an employee's contract of employment if the employee contributes at any time any amount toward the benefits he is to receive, and if the employee performs services while the law is in effect. . . ." *Withers v. Register*, 246 Ga. 158 (1) (269 SE2d 431) (1980). See also *City of Marietta v. Holland*, 252 Ga. 299, 301 (314 SE2d 97) (1984); *Swann v. Bd. of Trustees of the Joint Municipal Employees Benefit System*, 257 Ga. 450 (360 SE2d 400) (1987). The payment of retirement benefits in compliance with our statutes is not a gratuity, but is an incidence of employment.

The statute in question is not unconstitutional. As to the emolument of retirement credit for unused leave, elected judicial officials are entitled to no more — and no less — than all classified employees of the state.

5. This case now may be concluded, upon the following considerations:

(a) Judicial review of the conduct of officials of the retirement system is not limited solely to actions initiated by beneficiaries of the system. Division 1, supra.

(b) The complainants have standing only if their allegations of fact are sufficient, in law, to describe acts of the respondents that are ultra vires. Division 2, supra.

(c) The acts claimed to be ultra vires are within the lawful scope of respondents' power. Divisions 3 and 4, supra.

(d) The complaint fails to state a claim upon which relief can be granted. OCGA § 9-11-12 (b) (6).

The trial court did not err in dismissing the complaint.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 5, 1987.

*William O. Miller, G. Stephen Parker, Robert B. Baker, Jr.,* for appellants.

*Michael J. Bowers, Attorney General, Carl C. Jones, Senior Assistant Attorney General, Heyman & Sizemore, William H. Major, Terry P. McKenna, Chilivis & Grindler, Nickolas P. Chilivis,* for appellees.