44726. CITY OF EAST POINT et al. v. ELAM.
44727. CITY OF EAST POINT et al. v. BOSTWICK.
(362 SE2d 369)

WELTNER, Justice.

Two employees of the City of East Point, Bostwick and Elam, applied for retirement benefits pursuant to a city employees' retirement plan of 1975. They were paid "lump sum" amounts for unused annual vacation allotment. Additionally, Elam was continued on the payroll, with no duties, until he was compensated by an equivalent amount of money for unused sick leave allotment. Payment for unused sick leave allotment was provided for by ordinance.[1]

The employees sought to compel the city to include these payments in the calculation of their monthly retirement payments under the retirement plan. Elam also sought a "lump sum" payment for his unused sick leave in lieu of payroll continuation.

The trial court issued mandamus absolute upon employees' petition, and the city appeals.

1. In several recent cases involving the entitlement of government employees to retirement benefits, the following principles have been enunciated:

(a) Government employees who have attained vested rights in

---

[1] The applicable Code of the City of East Point provided that employees be paid upon retirement for unused sick leave accumulated through December 31, 1978. § 4-1078 (f). No ordinance was submitted as to payment for unused annual leave. However, the evidence was that normally employees were compensated for unused annual leave, upon retirement. The city made such payment in this case voluntarily.

benefits pursuant to retirement plans may not be denied those rights by amendments to plans that reduce or eliminate such benefits.

In *Swann v. Bd. of Trustees of Joint Municipal Employees' Retirement System*, 257 Ga. 450 (360 SE2d 395) (1987), we held that a municipality may not exclude certain classes of employees (elected or appointed members of the governing authority) from participating in a retirement plan after those employees have become contributing members of the plan.

(b) As to non-vested entitlements, however, there is no such right.

(i) In *Tate v. Teachers Retirement System of Ga.*, 257 Ga. 365 (359 SE2d 649) (1987), we upheld the board's recalculation of benefits to exclude inflated compensation paid during a final year.

(ii) In *Wilson v. City of East Point*, 257 Ga. 426 (360 SE2d 254) (1987), we held that life insurance benefits that were provided, subject to change, might be eliminated.

(c) Public retirement benefits awarded to employees may be challenged by taxpayers, but the challenge must show that the award is the result of ultra vires action.

In *Arneson v. Bd. of Trustees of the Employees' Retirement System of Ga.*, 257 Ga. 579 (361 SE2d 805) (1987), we held that a statutory provision of retirement credit for elected government officials for unused annual leave and sick leave in the Employees' Retirement System violates no constitutional provision. Thus a challenge by taxpayers that the board acted ultra vires in awarding such credit failed.

2. There is no issue in this case of the employees' entitlement to retirement benefits. The parties agree that the employees are authorized to receive payment, upon retirement, for unused annual and sick leave. The only question before us is an interpretation of the term "earnings," as used in this plan. The city contends that a payment, upon retirement, for unused vacation or sick leave is not "earnings" for purposes of calculating retirement benefits. The employees contend that such payments are part of "total normal compensation," hence includible.

3. (a) The 1975 plan, applicable to both employees, provides in part: "A participant, upon retirement on his normal retirement date, shall receive a monthly benefit. . . . The amount of the monthly retirement benefit shall be two and one-quarter percent (2.25%) of final average earnings multiplied by years of total credited service." East Point City Code § 4-1122 (a). "Final average earnings for [these employees] shall mean the average of the annual earnings paid to such participant during any consecutive twelve (12) month period during the sixty (60) months preceding his actual date of retirement in which his earnings were highest." Code § 4-1122 (b) (4).

(b) Code § 4-1112 (29) provides: "Earnings shall mean the total

normal compensation paid to an employee of the city for service rendered but shall exclude compensation for overtime, reimbursed expenses, and other unusual compensation . . . . In all cases, earnings shall include holiday and vacation pay and payments made by the city . . . on behalf of an employee during periods of authorized absence for illness and other reasons." Code § 4-1112 (29).

4. We hold that a one-time payment upon retirement (as is here the case) is not "normal compensation." Nor is it salary that is paid "during periods of authorized absence for illness and other reasons." The plan provides specifically that an employee's absence from work for reason of illness or vacation be included as part of the "service" for which a salary is earned. However, there is no provision that the failure of an employee to make use of such authorized absence is to be rewarded by increasing retirement benefits.

The case of *Purdie v. Jarrett*, 222 Ga. 795 (152 SE2d 49) (1966), relied upon by the employees, is unavailing. There, the retirement plan expressly provided that the average monthly salary calculation for retirement purposes was to be determined by adding all compensation, *including* any bonus paid.

5. The pension board's calculation of "final average earnings" for the determination of monthly retirement benefits was consistent with the retirement plan. Hence, the mandamus absolute was inappropriate.

6. Elam further contends that the city should have paid to him a "lump sum" amount for unused sick leave, in lieu of continuing him on the payroll. Having accepted the payment provided by the city, Elam cannot now demand a second method of payment. *Anderson v. Shelby Mut. Ins. Co.*, 237 Ga. 687 (229 SE2d 462) (1976).

*Judgment reversed. All the Justices concur. Smith, J., disqualified.*

DECIDED DECEMBER 2, 1987 —
RECONSIDERATION DENIED DECEMBER 16, 1987.

*Eidson & Llewellyn, James A. Eidson, David J. Llewellyn,* for appellants.
*John Tye Ferguson,* for appellees.

