## 46614. QUILLIAN v. EMPLOYEES' RETIREMENT SYSTEM OF GEORGIA.
### (379 SE2d 515)

MARSHALL, Chief Justice.

This is an appeal on behalf of the widow of former Judge John Kelley Quillian, and protests the recalculation of Judge Quillian's pension by the Employees' Retirement System after his retirement. She appeals the trial court's grant of summary judgment to the Employees' Retirement System, and the denial of her motion for summary judgment.

1. Judge Quillian resigned his office as Judge of the Court of Appeals on September 30, 1984, under the following circumstances:

(a) On August 6, 1984, Judge Quillian applied for retirement to be effective October 1, 1984, pursuant to advice by the Employees' Retirement System that he would accumulate 34 years of creditable service on September 1, 1984.[1]

(b) On August 15, 1984, the director of the Employees' Retirement System wrote to Judge Quillian:

> I have personally reviewed the records as pertains to your retirement account on file with this office and find same to be complete and in order. Based on the above, this is to officially acknowledge and approve your application for retirement effective October 1, 1984, pursuant to OCGA § 47-2-120 (d).

By means of that letter, Judge Quillian was advised that his base monthly pension allowance would be $4,788.10.

(c) On August 20, 1984, Judge Quillian submitted an official resignation to the governor, which stated in part:

> This resignation is tendered in reliance upon the fact that the Board of Trustees of the Employees' Retirement System of Georgia has approved my application for service retirement based upon 34 years of employment service with the State, effective October 1, 1984, pursuant to OCGA § 47-2-120 (d).

(d) On August 21, 1984, the governor acknowledged receipt of

---

[1] Anything in this chapter to the contrary notwithstanding, any member with at least 34 years of service shall be eligible to retire forthwith and upon retirement shall be paid not less than the service retirement allowance which would have been payable upon service retirement at the age of 65 had he continued in service without further change in compensation.

OCGA § 47-2-120 (d).

Judge Quillian's letter and accepted his resignation.

2. In November 1984, Judge Quillian began receiving a monthly pension of $4,788.10. In May 1985, the Employees' Retirement System recalculated Judge Quillian's pension, declaring that it had erred in the first calculation, and reduced it to $3,041.37 monthly.

3. In reducing the pension, the Employees' Retirement System pleads a prior miscalculation; Mrs. Quillian, however, insists that the System must be estopped.[2]

(a) In *Citizens Bank v. Rockdale County*, 152 Ga. 711, 720 (111 SE 434) (1921), we held:

> It is true that the powers of all public officers are defined by law, and all persons must take notice thereof; and the public can not be estopped by the acts of any officer done in the exercise of a power *not conferred*. [OCGA § 45-6-5.] But the converse of this proposition is equally true, that the public can be, and will be, estopped by the acts of any public officer done in the exercise of a power which is expressly conferred by law.

(b) We have established, in regard to this very pension, that the initial calculation of retirement benefit calculations made by the Employees' Retirement System was *not* beyond its powers. "The duties of the retirement system include the assessment and calculation of entitlements. Even if the computation here were in error, nevertheless it was not ultra vires." *Arneson v. Bd. of Trustees of the Employees' Retirement System of Ga.*, 257 Ga. 579, 580-81 (361 SE2d 805) (1987).

4. (a) All parties to this case acknowledge that Judge Quillian did everything within his power to ascertain his retirement benefits *prior* to the time that he submitted his resignation; that the retirement system calculated his benefits; that he relied expressly upon this calculation; that he so stated in his letter of resignation to the governor; that the resignation was accepted by the governor; that the calculated benefits were paid to him for a period of time after his retirement; and that his act of retirement was final, and irreversible.[3]

(b) In *City of Summerville v. Ga. Power Co.*, 205 Ga. 843, 846 (55 SE2d 540) (1949), we held:

---

[2] Our holding in *Tate v. Teachers Retirement System of Ga.*, 257 Ga. 365 (359 SE2d 649) (1987), dealt with a claim of unconstitutional impairment by a state of the obligation of contract, and is not controlling as to the issue of estoppel.

[3] The record reflects that, had Judge Quillian deferred his retirement for a period of five months (which would have been within the term to which he was elected) the elimination of the disputed entitlement would not have reduced, in any manner, the amount of his compensation.

Although a municipality or other governmental agency cannot be estopped by its ultra vires acts, there is nevertheless a broad distinction to be observed between an irregular exercise of a granted power, and the total absence or want of power, and the rule is that it may be estopped, as right and justice may require, where the act or contract relied on to create the estoppel was within its corporate powers, although the method of exercising the power was irregular or unauthorized. [Cits.]

5. Under the unique circumstances of this case, the retirement system must be estopped from denying the benefits as established prior to Judge Quillian's retirement. Accordingly, Mrs. Quillian's motion for summary judgment should have been granted.

*Judgment reversed, with direction that judgment be entered for the appellant. All the Justices concur.*

DECIDED MAY 25, 1989.

*Chilivis & Grindler, Nickolas P. Chilivis, John K. Larkins, Jr., Sally C. Quillian,* for appellant.

*Heyman & Sizemore, William H. Major,* for appellee.