### S99A0297. MILLER et al. v. CLAYTON COUNTY et al.
### S99A0298. BAKER v. CLAYTON COUNTY et al.
#### (518 SE2d 402)

HUNSTEIN, Justice.

Appellants Miller, Frame and Baker appeal from the trial court's order denying relief under their mandamus petition seeking to require Clayton County and its commissioners to include in appellants' retirement benefits those sums earned by appellants in addition to the compensation appellants receive pursuant to Ga. L. 1959, p. 375, as amended. Because we find no error in the trial court's determination that for the purpose of these additional sums appellants are not employees under the County's pension ordinance, we affirm.

The evidence adduced before the trial court established that appellants have been working as official court reporters for judges of the Clayton County Judicial Circuit since 1972, 1963 and 1985, respectively. Their duties involve taking down testimony in felony cases, for which they are paid an annual salary by the County. See id. The parties have stipulated that appellants are entitled to retirement benefits based upon this annual salary received by them. Appellants contest, however, the County's failure to include for retirement benefits purposes the compensation appellants receive for the performance of additional duties (such as preparing transcripts for indigent criminal defendants, transcribing bond and forfeiture hearings, etc.). The evidence established that upon performing these services, appellants submit a bill to the superior court judge for whom they work; the judge then reviews the bill and issues an order to the County to make payment for the services.[1] This additional compensation is not reflected on appellants' W-2 forms but only on IRS 1099 forms.

The evidence also established that appellants take instruction only from the superior court judge who hired them. Appellants are not required to perform their services personally or to follow set hours; they cannot be fired by the County; and they do not accrue sick leave or vacation time. No appellant presented evidence that he

---

[1] Appellants also perform duties in regard to civil cases, which are paid for by the litigants; appellants do not contend that the compensation for these services should be calculated in their retirement benefits from the County.

or she worked at least 2,080 hours in a calendar year, one of the requirements to qualify as a full-time employee eligible for retirement benefits under the version of the Clayton County Public Employee Retirement System ordinance (Resolution 91-100) which the parties stipulated was the governing law for the resolution of appellants' suit.

1. Appellants contend the trial court erred in finding that they were not county employees, arguing that the County is estopped from denying them employee status. Appellants rely on *Quillian v. Employees Retirement System of Ga.*, 259 Ga. 253 (379 SE2d 515) (1989), a case involving the calculation of retirement benefits to which an employee was entitled, in which this Court held that the employee's detrimental reliance on ERS's representations estopped ERS from denying him the benefits in the amount as originally calculated. That case, however, is distinguishable here where the issue is appellants' entitlement to retirement benefits based on the additional compensation they earned, not the calculation of the amount of retirement benefits in an instance where entitlement to the benefits has already been established.

Because entitlement to benefits, rather than calculation of benefits, is involved, we find no merit in appellants' argument that the County is estopped from denying their claim based on their reliance on alleged representations made to them by County officials regarding their entitlement to the additional retirement benefits. Even assuming, arguendo, that appellants carried their burden of establishing that the representations were made, it is well established that "[p]owers of all public officers are defined by law and all persons must take notice thereof. The public may not be estopped by the acts of any officer done in the exercise of an unconferred power." OCGA § 45-6-5. Entitlement to County retirement benefits is established by the Legislature. See Ga. L. 1959, p. 375, as amended. Thus, unlike the ERS personnel in *Quillian*, supra, whose powers expressly included the authority to calculate benefits, the persons with whom appellants may have discussed their entitlement to the retirement benefits in issue lacked the authority to change or expand the legislatively-prescribed definition of persons entitled to such benefits. Hence, no action by those unauthorized persons, negligent or otherwise, could estop the County from asserting the correct definition. See *Tate v. Teachers Retirement System of Ga.*, 257 Ga. 365 (1) (359 SE2d 649) (1987); see generally *Ben Hill County Board of Education v. Davis*, 270 Ga. 452 (2) (510 SE2d 826) (1999). Accordingly, estoppel cannot be applied here as a matter of law. Id.

2. Although appellants enumerate as error the trial court's finding that appellants were not qualified as full-time employees under a 1985 amendment to the Clayton County Public Employee Retirement

System, the trial court's order reveals that the parties stipulated that the applicable ordinance for the determination of appellants' suit was the 1991 version of the County's retirement system and that the trial court's ruling addressed only that stipulated version. The record thus does not support appellants' contention.

3. Contrary to appellants' third argument, the County was not required to introduce proof regarding the Federal revenue statute discussed by the trial court, OCGA § 24-1-4, and the trial court was authorized to consider the evidence adduced by appellants to determine whether they qualified under the Internal Revenue Code as employees of the County. Appellants have failed to establish error in this enumeration.

4. We find no error in the trial court's finding that appellants occupied the status of independent contractors in regard to the compensation they received in addition to their annual base salary. The trial court's ruling was supported by evidence adduced at trial including, inter alia, that appellants were not hired by the County and cannot be fired by the County; that appellants take no instruction from the commissioners or any County employee; that the County does not set their hours of work, the sequence of their work, or the amount they work; and that appellants are not required to render their services personally. See *Teachers' Retirement Sys. of Ga. v. Forehand*, 234 Ga. App. 437, 441 (506 SE2d 913) (1998) (test of independent contractor relationship is right to control time, manner and method of employment); *Williams v. Dept. of Corrections*, 224 Ga. App. 571, 573 (481 SE2d 272) (1997) (independent contractor is "one who 'exercises an independent business and . . . is not subject to the immediate direction and control of the employer.' OCGA § 51-2-4."). The trial court was not bound to rule in appellants' favor simply because another Clayton County official court reporter obtained a favorable decision before another judge in his separately-instituted suit. See *Norris v. Atlantic & West Point R. Co.*, 254 Ga. 684 (333 SE2d 835) (1985); *Bridgestone Firestone, Inc. v. Green*, 198 Ga. App. 858 (1) (403 SE2d 442) (1991).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 3, 1999 —
RECONSIDERATION DENIED MAY 28, 1999.

*Albert B. Wallace, Stephen B. Wallace II,* for appellants (case no. S99A0297).

*Lee Sexton & Associates, Lee Sexton,* for appellant (case no. S99A0298).

*Hancock & Echols, Jack R. Hancock, Brown & Brown, George T. Brown, Jr.,* for appellees.