## S99A1570. MAREE v. PHILLIPS.
(525 SE2d 94)

BENHAM, Chief Justice.

This appeal follows the entry of final judgment in a case in which, pursuant to OCGA §§ 44-6-166.1 and 44-6-167 and the petitions of the parties, the trial court ordered the sale of certain real property owned by the parties as joint tenants with right of survivorship, and the division of the proceeds according to the parties' Cohabitation Agreement ("the Agreement"), as construed by the trial court.

Shortly after they met in 1987, appellant Maree and appellee Phillips began living together. In September 1988, with appellant Maree providing ninety-eight percent of the down payment and closing costs and appellee Phillips providing two percent, the parties purchased the DeKalb County home which is the real property at the

center of the current controversy.[1] The parties stipulated that thereafter each party contributed equally to payment of the monthly mortgage installment. In February 1990, the parties executed the Agreement which, among other things, provided for an equal division of the payment of household expenses and guidelines for the division of the parties' property upon the dissolution of their cohabitation.[2] The parties continued to live together until 1997, when appellee Phillips moved out and filed a complaint seeking an order of partition and division of the sale proceeds pursuant to the Agreement. In a verified answer and counterclaim, appellant Maree agreed that the property should be sold and the proceeds divided pursuant to the parties' Agreement. In November 1998, after appellant Maree filed a motion for sale of the property pursuant to OCGA § 44-6-166.1 and for distribution of the proceeds, the trial court issued an order for sale of the property. Left for resolution at trial were each party's claim that the other had breached the Agreement, and the division of the sale proceeds pursuant to the Agreement.

After a three-day bench trial, the trial court concluded that neither party had proven that the other had breached the Agreement. The trial court then turned its attention to the division of the sale proceeds pursuant to the Agreement and concluded that the real property was property acquired during the parties' cohabitation with monies provided by both parties. Under the terms of the Agreement, such property was owned by each party "to the extent of his contribution" and the proceeds therefrom were to be divided accordingly. Finding the quoted phrase ambiguous because it was not clear whether it referred only to monetary contributions used to acquire the property or included money and labor expended to improve the property, the trial court used applicable rules of construction and concluded that "extent of his contribution" referred only to monies paid to acquire the property. Since the parties had agreed that their unequal contributions at the closing of the purchase of the house were to be treated as loans and had made equal payments on the mortgage, the trial court concluded the parties owned the property equally and ruled that the equity remaining after the mortgage was satisfied and each party was reimbursed for that party's "closing loan" was to be divided equally between the two. The trial court

---

[1] The parties agreed that all monies paid at closing were to be treated as loans to be paid back after the property was sold.

[2] Control, title to, or interest in property acquired before cohabitation remained with that party. As for property acquired during cohabitation, the Agreement provided that
Control and title to any property, real or personal, acquired during cohabitation will be maintained solely by the party whose moneys paid for the acquisition or to whom it was given by legacy or operation of law. If both parties paid for the property, each will own it to the extent of his contribution.

denied appellant Maree's motion for new trial or modification of the final judgment, and this appeal followed.

1. In the verified answer to appellee's complaint, appellant agreed that the property should be sold and the proceeds divided pursuant to the Agreement. Therefore, appellant may not on appeal complain that the trial court erred in dividing the proceeds pursuant to the terms of the Agreement. Similarly, since appellant asked the trial court to order a public sale and partition pursuant to OCGA §§ 44-6-166.1 and 44-6-167, we will not consider whether the trial court erred in doing as appellant asked. "One cannot complain of a judgment, order, or ruling that his own procedure or conduct aided in causing." *Rush v. Southern Prop. Mgmt.*, 121 Ga. App. 360 (2) (a) (173 SE2d 744) (1970).

2. Appellant asserts as error the trial court's failure to take into account when partitioning the proceeds from the sale of the home, appellant's expenditures toward the upkeep, improvement, and repair of the property. While courts of equity have taken such expenditures into consideration when acting upon petitions seeking equitable partitioning of real property owned by parties who do not have a separate agreement concerning the distribution of the property (see *Taylor v. Sharpe*, 221 Ga. 282 (144 SE2d 390) (1965); *Borum v. Deese*, 196 Ga. 292 (26 SE2d 538) (1943)), the trial court in the case at bar was not faced with an equitable partitioning, but with dividing the proceeds pursuant to the Agreement which both parties said governed the distribution of the property. The Agreement stated that property would be divided to the extent of each party's contribution and, in its order, the trial court stated that the expenditures for which appellant now wants credit did not constitute a "contribution" as that term was used in the parties' Agreement. Accordingly, the trial court did not err in not considering the costs of upkeep, improvements, and repair of the property when dividing the proceeds of the sale of the property.

3. Appellant contends that an accounting was required in light of the Agreement's requirement that the parties split equally the payments of the "mortgage, taxes, insurance, maintenance, food, utilities, and household provisions needed for and during the cohabitation[,]" and testimony that appellant spent more money on landscaping improvements and repairs. As has been previously stated, the trial court construed the Agreement as calling for each party to receive a share of the proceeds to the extent of that party's contribution to the acquisition of the property, not the improvement, landscaping, or repairing of the property. Again, the fact that appellant expended more money on the property does not mean that appellant contributed more to the acquisition of the property.

4. Appellant asserts that the trial court misread or misconstrued

the Agreement when it found that the parties' contributions to the closing costs on the home were to be treated as loans. The trial court's finding was not based on a construction of the Agreement, but on the testimony of each party that they both intended the funds to be treated as loans. Since the trial court's finding was supported by the evidence, it was not error. See *Miller v. Clayton County*, 271 Ga. 135 (4) (518 SE2d 402) (1999).

5. Appellant takes issue with the trial court's holding that an ambiguity in the Agreement would be construed against appellant as the person who selected the form the parties used in drafting the Agreement. Even if the trial court erred as appellant claims, a finding of harm is pretermitted by the fact that the trial court's holding was but one of several theories used to reach its conclusion.

6. Lastly, appellant claims the trial court violated appellant's constitutional rights in ruling as it did. Inasmuch as the trial court never ruled on these constitutional challenges because they were never raised in the trial court, we decline to do so now. See *Bohannon v. State*, 269 Ga. 130 (4) (497 SE2d 552) (1998).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 18, 2000 —
RECONSIDERATION DENIED FEBRUARY 11, 2000.

*Chamberlain, Hrdlicka, White & Williams, Richard N. Hubert,* for appellant.
*Warren R. Hinds,* for appellee.