## A08A1580. MULLIS v. BIBB COUNTY.
### (669 SE2d 716)

PHIPPS, Judge.

This appeal involves a dispute between Richard Mullis and his former employer, Bibb County, concerning the date on which Mullis was to start receiving monthly retirement benefits from the county. When Mullis left employment with the county, he was informed that he would begin receiving benefits on one date, but the county later asserted that Mullis could not receive benefits until nine years later. The trial court granted summary judgment to the county, and Mullis appeals this ruling as to his claims for breach of contract and promissory estoppel. Finding no error, we affirm.

A party is entitled to summary judgment if that party demonstrates that no genuine issue of material fact remains and he is entitled to judgment as a matter of law.[1] We review a grant of summary judgment de novo, considering the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[2]

Viewed in the light most favorable to Mullis, the evidence shows that he worked for the county for almost 21 years and became vested in the county's pension plan, which was part of the county code. Under the pension plan, a participant would become eligible to receive retirement benefits upon reaching his or her "normal retirement date," which was defined based either on the participant reaching a certain age or completing a certain number of years of service. The county's deputy human resources administrator testified that she interpreted this service requirement to count years after an employee had left employment with the county as part of the employee's years of service. Thus, when Mullis left the county's employment in February 1995, the administrator determined that Mullis was entitled to begin receiving retirement benefits in June 2004, at which time he would have had 30 years of service had he remained employed by the county. The administrator communicated this date to Mullis in a March 1, 1995 letter. In May 2004, Mullis contacted the county to make arrangement for his benefits. Later

---

[1] OCGA § 9-11-56 (c).

[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

that month the county informed Mullis by letter that his "projected starting retirement date was calculated in error" and that instead he would begin receiving benefits on May 24, 2013, when he reached the normal retirement date age.

1. Mullis argues that the trial court erred in granting summary judgment to the county on his claim that the county breached a contractual obligation to begin distributing his retirement benefits in June 2004.

Mullis's contract of employment with the county incorporated the terms of the county's pension plan.[3] Mullis contends that the pension plan's definition of "normal retirement date" is ambiguous and capable of supporting the interpretation given it by the county's deputy human resources administrator, so as to include his years after leaving employment with the county in determining the start date of his retirement benefits. We find no such ambiguity. The plan defined Mullis's "normal retirement date" to be either the attainment of a certain age or the "[c]ompletion of 30 years of service." The plan defined "service" as "the period of the participant's employment by the county and while a participant in this plan[.]" This language is plain, unambiguous, and capable of only one reasonable interpretation, that to reach the "normal retirement date" a plan participant must either have attained a certain age or have been employed by the county and participated in the plan for 30 years.[4] Because it is undisputed that, as of June 2004, Mullis had neither met the age requirement nor been employed by the county for 30 years, he had not reached his "normal retirement date" under the plan and the county had no contractual obligation to begin paying him retirement benefits at that time.

Mullis argues that certain facts support a finding of ambiguity in the plan, specifically the deputy human resources administrator's different interpretation of the service requirement and the county's later amendment to the definition of "service" under the plan.[5] The existence or nonexistence of ambiguity in a contract is a question of

---

[3] See, e.g., *Unified Govt. of Athens-Clarke County v. McCrary*, 280 Ga. 901, 901-902 (635 SE2d 150) (2006) ("a statute or ordinance establishing a retirement plan for government employees becomes a part of an employee's contract of employment if the employee contributes . . . toward the benefits he is to receive, and if the employee performs services while the law is in effect . . .") (citation omitted).

[4] See *First Data POS v. Willis*, 273 Ga. 792, 794 (2) (546 SE2d 781) (2001) (when contract language is plain, unambiguous, and capable of only one reasonable interpretation, it must be afforded its literal meaning); *Evans v. Employees' Retirement System &c.*, 264 Ga. 729, 731 (1) (450 SE2d 195) (1994) (applying rule of contract interpretation to language of legislative enactment concerning retirement plan incorporated into contract of employment).

[5] The amended plan additionally provided: "[A] participant's service, for purposes of calculating years of service under this pension plan, shall end on the last day the employee reports for work."

law for the court and not a fact-driven determination.[6] But neither an erroneous interpretation of contract language nor a later decision to revise that language creates ambiguity in contract language that is capable of only one reasonable interpretation.[7]

Mullis's other arguments in support of his breach of contract claim likewise are without merit. Although the deputy human resources administrator had the responsibility to calculate benefit start dates under the pension plan, Mullis points to no support in the record for the position that this responsibility conferred upon the administrator the authority to modify or create new terms in the plan. And although Mullis correctly points out that the Georgia Constitution prohibits a government from decreasing retirement benefits by amending a statute or ordinance,[8] the county's later amendment to the plan did not decrease Mullis's benefits because, as discussed supra, the terms of the plan prior to the amendment did not authorize Mullis to begin receiving benefits in June 2004.

Because we find that the county had no contractual obligation to begin Mullis's retirement benefits in June 2004, the trial court did not err in granting summary judgment to the county on Mullis's breach of contract claim.

2. Mullis argues that the trial court erred in granting the county summary judgment on his claim for promissory estoppel, which he based on the county's statement in the March 1995 letter that his retirement benefits would begin in June 2004.

OCGA § 13-3-44 (a) provides that "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee . . . and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."[9] A promise may not be enforced against a governmental entity, however, if it arises from an ultra vires action, in which a "government official had no authority to take the action in question."[10] In cases involving claims of promissory estoppel concerning the administration of retirement plans, the Supreme Court of Georgia has drawn a distinction between an action that disregarded or deviated from authority conferred by an ordinance or

---

[6] See *Ga. Glass & Metal v. Arco Chemical Co.*, 201 Ga. App. 15, 16 (410 SE2d 142) (1991).

[7] See *Plymel v. Teachers Retirement System*, 281 Ga. 409, 413 (4) (c) (637 SE2d 379) (2006) (court is not required to follow agency's interpretation of statute if, based on court's independent determination, interpretation does not follow statute's plain language).

[8] See Ga. Const. of 1983, Art. I, Sec. I, Par. X; *Athens-Clarke County*, supra at 901.

[9] See *Hendon Properties v. Cinema Dev.*, 275 Ga. App. 434, 438-439 (2) (620 SE2d 644) (2005) (discussing essential elements of claim of promissory estoppel).

[10] *City of Warner Robins v. Rushing*, 259 Ga. 348, 349 (381 SE2d 38) (1989) (emphasis omitted); see OCGA § 45-6-5 ("The public may not be estopped by the acts of any officer done in the exercise of an unconferred power.").

statute (determined to be an ultra vires action)[11] and an error made during the commission of an otherwise authorized action (determined not to be an ultra vires action).[12]

In *Dukes v. Board of Trustees for the Police Officers Pension Fund*,[13] the plaintiff, a city police officer, was told by a pension board official that the period he worked for a different governmental entity would be included in determining his eligibility for retirement benefits. After the police officer retired, the pension board rescinded this decision and recalculated the officer's benefits. The Court upheld a grant of summary judgment in favor of the board on the officer's claim for promissory estoppel.[14] In so doing, the Court noted that "the question . . . turn[ed] on whether [the board official] and the board had the legal authority to disburse retirement benefits based on [the officer's] prior service."[15] The Court held that the relevant ordinance allowed credit for prior service only if two requirements were met and "[did] not confer upon the board the authority to disregard or deviate from the mandatory language of [the ordinance]."[16]

By contrast, in *Quillian v. Employees' Retirement System &c.*,[17] the plaintiff tendered his resignation in express reliance upon a representation that he would be credited for a certain number of service years, but afterward he was told that his number of service years had been miscalculated and that his retirement benefit would be reduced. The Court held that, because the retirement system had the power to calculate the plaintiff's service years, the error in making the calculation did not render the act of calculating ultra vires.[18] The Court further held that "[u]nder the unique circumstances of this case, the retirement system must be estopped from denying the benefits."[19]

The question presented in this appeal is whether the deputy human resources administrator's decision that Mullis could begin receiving benefits, as expressed in the March 1995 letter to him, at a time when he had not met the "normal retirement date" as defined in the plan, is properly characterized as a decision she was not authorized to make, as in *Dukes*, or as a decision she was authorized

---

[11] See *Dukes v. Bd. of Trustees for the Police Officers Pension Fund*, 280 Ga. 550 (629 SE2d 240) (2006).

[12] See *Quillian v. Employees' Retirement System &c.*, 259 Ga. 253 (379 SE2d 515) (1989).

[13] Supra.

[14] Id. at 554.

[15] Id. at 552-553.

[16] Id. at 553.

[17] Supra.

[18] Id. at 254 (3) (b).

[19] Id. at 255 (5).

to make but that she made incorrectly, as in *Quillian*. We find the administrator's decision exceeded her authority, as in *Dukes*. As discussed above, the terms of the plan authorized the county to disburse retirement benefits to a person who had reached a certain age or had been employed with the county for 30 years.[20] The plan did not authorize the county to disburse benefits to a person meeting neither requirement. By promising to provide benefits to an employee before that person had satisfied the plan's requirements for receiving such benefits, the administrator disregarded and deviated from the terms of the plan, rather than simply making a mistake during an otherwise authorized action under the plan. As such, the administrator engaged in an ultra vires action that cannot support Mullis's claim for promissory estoppel.[21]

Mullis argues that, in ruling on his promissory estoppel claim, the trial court made an erroneous factual finding concerning the amount of time that passed between his departure from the county and his receipt of the letter setting forth the June 2004 benefit start date. This fact is not determinative of the legal question concerning whether the administrator's practice was an ultra vires action.

3. Mullis argues that the county waived its right under the plan to begin his benefits on the later date.

"Waiver is the voluntary relinquishment of a known right and may be established by express statements or implied by conduct. An implied waiver is one shown by a party's decisive, unequivocal conduct reasonably inferring the intent to waive."[22] Summary judgment is appropriate against a claim of waiver where there is no evidence that the defendant intentionally or voluntarily relinquished a known right.[23]

Mullis has not pointed to any evidence that creates a factual dispute about whether the county, when it gave Mullis an inaccurate start date for his benefits, knowingly and voluntarily relinquished its rights under the plan. And there is no merit in Mullis's contention that the county's actions in connection with a different former employee waived the county's rights as to Mullis.[24]

---

[20] See Division 1, supra.

[21] See *Miller v. Clayton County*, 271 Ga. 135, 136 (1) (518 SE2d 402) (1999) (no claim for estoppel where government official lacked authority to change or expand legislatively-prescribed definition of parties entitled to benefit).

[22] *Kennestone Hosp. v. Hopson*, 273 Ga. 145, 148 (538 SE2d 742) (2000) (punctuation and footnotes omitted).

[23] *West v. Fulton County*, 267 Ga. 456, 458 (2) (479 SE2d 722) (1997).

[24] See *Athens-Clarke County*, supra at 904 (fact that governmental entity gave some retirees a certain benefit did not give plaintiff a contractual or other right to same benefit, where applicable legislation establishing retirement benefits did not so provide); *Withers v. Register*, 246 Ga. 158, 160 (2) (269 SE2d 431) (1980) (fact that city calculated retirement

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED NOVEMBER 19, 2008.

Westmoreland, Patterson, Moseley & Hinson, *Bradley G. Pyles*, for appellant.

Chambless, Higdon, Richardson, Katz & Griggs, *John J. Makowski*, for appellee.

---

benefits of other employees using erroneous formula does not allow plaintiff to avoid summary judgment on claim for same benefits).