43901, 43902. HUNNICUTT v. SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY et al. (two cases).
(351 SE2d 638)

WELTNER, Justice.

On May 11, 1981, John Hunnicutt was the owner and insured of a life insurance policy issued by Southern Farm Bureau Life Insurance Company. On that date he designated his wife, Frances Hunnicutt, as beneficiary of the policy. On May 29, 1981, he transferred ownership of the policy to her. Under the clear terms of the policy only the owner of the policy had the right to designate the beneficiary of the policy.

On March 15, 1984, the wife sued Hunnicutt for divorce. On April 23, 1984, Hunnicutt, using a form supplied by the insurance company, attempted to change the beneficiary from his wife to Mary Hunnicutt, his mother. The insurance company received this form and entered a purported change upon the records of the company. On May 2, 1984, the company sent a letter, addressed to "Mr. John and Mrs. Frances Hunnicutt," which enclosed a copy of the endorsed change of beneficiary form naming Mary Hunnicutt as the new beneficiary. Eleven days later Hunnicutt died.

The wife and the mother made claim against the company for the

proceeds of the policy. The company filed an interpleader action and paid the proceeds of the policy into court.

1. The wife claimed that she was the sole beneficiary and *owner* of the policy on Hunnicutt's life, and that neither his attempt to change the beneficiary to his mother, nor the insurance company's error in endorsing the change of beneficiary form, could alter her rights as owner and beneficiary.

2. The mother contended that, in her capacity as executrix of Hunnicutt's estate, the insurance company's action produced the situation where there was no beneficiary, and the proceeds should be paid to John's estate; and, additionally, that because a divorce action was pending at the time of Hunnicutt's death, the proceeds of the policy were subject to equitable division between the estate and the wife.

Individually, the mother contended that the insurance company was estopped to deny her claim for the proceeds because of the company's action in acknowledging the change of beneficiary form which Hunnicutt had executed shortly before his death. She further contended that even if the company were required to pay the wife's claim, she should be paid an amount equal to the proceeds, notwithstanding the company's double exposure.

3. The wife's motion for summary judgment was granted, and she was awarded the proceeds of the policy. The company later was granted a summary judgment and discharged from further liability. The mother appeals, individually and as executrix.

4. The claims of the mother as executrix of the estate are without merit. The contention that there was no beneficiary cannot be sustained, because clearly the wife was the beneficiary. Hunnicutt's effort to substitute his mother failed because Frances Hunnicutt, not John Hunnicutt, was the owner of the policy, and as such she was the only person with the power to designate the beneficiary. "An insurance policy is simply a contract, the provisions of which should be construed as any other type of contract. [Cit.] The construction of an unambiguous contract is a question of law for the court." *Mut. Life Ins. Co. of New York v. Davis*, 79 Ga. App. 336, 339 (53 SE2d 571) (1949).

The claim that because of the filing of the divorce case the proceeds of the policy were subject to equitable division is likewise without merit. "In a few words, no divorce means no equitable division of property." *Segars v. Brooks*, 248 Ga. 427, 428 (284 SE2d 13) (1981). See also *Owens v. Owens*, 248 Ga. 720 (286 SE2d 25) (1982).

5. The mother's individual claim based on equitable estoppel cannot prevail. OCGA § 24-4-27 provides: "In order for equitable estoppel to arise, there must generally be some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence as to amount to constructive fraud by which another has been

mislead to his injury." *Harris v. Abney*, 208 Ga. 518 (67 SE2d 724) (1951): " 'In order to constitute estoppel by conduct, there must concur, first, a false representation or concealment of facts; second, it must be within the knowledge of the party making the one or concealing the other; third, the person affected thereby must be ignorant of the truth; fourth, the person seeking to influence the conduct of the other must act intentionally for that purpose; and, fifth, persons complaining shall have been induced to act by reason of such conduct of the other.' "

The record in this case, at best, discloses that the insurance company made a mistake which may have led John Hunnicutt and his mother to believe that he had been successful in substituting his mother for his wife as beneficiary. The record fails to disclose that John Hunnicutt or his mother relied on this mistake to their detriment or that either changed position in reliance upon the mistake. Speculation as to what a person, since deceased, *might* have done is insufficient.

The trial court properly granted the motions for summary judgment.

*Judgment in Case No. 43901 affirmed. All the Justices concur, except Clarke, P. J., and Smith, J., who dissent.*

*Judgment in Case No. 43902 affirmed. All the Justices concur.*

DECIDED JANUARY 15, 1987.

*C. Robert Melton,* for appellant (case no. 43901).

*Harris, Watkins, Davis & Chambless, Mary Mendel Katz,* for appellant (case no. 43902).

*Rudolph Sullivan, Malcolm K. Sullivan, Denmark Groover, Jr.,* for appellees.