A91A0799. GEORGIA GLASS & METAL, INC. v. ARCO
CHEMICAL COMPANY.
(410 SE2d 142)

POPE, Judge.
On October 4, 1984, Georgia Glass & Metal, Inc. ("Georgia Glass") entered into a construction contract with Investment Syndications, Inc., as owner, to furnish materials and labor for the construction of the Phoenix Condominiums Project. Arco Chemical Company d/b/a Arco Building Products ("Arco") provided materials for Georgia Glass to use in its work on the condominiums. On October 9, 1984, Georgia Glass submitted its first purchase order to Arco for the condominiums. On October 17, 1984, Arco confirmed that order and that the terms of the sale would be F.O.B. shipping point, prepaid.

Arco was apparently concerned about the financial stability of Georgia Glass and approached it concerning having a joint pay agree-

ment for this condominium project in which the owner would agree to make all checks issued to Georgia Glass payable to both Georgia Glass and Arco. Georgia Glass agreed to this arrangement and the general contractor for the condominium project, Mild Construction Company, issued a letter on its letterhead addressed to both Georgia Glass and Arco, dated March 11, 1985, which read as follows: "It is our understanding that [Arco] is furnishing the aluminum requirements to GEORGIA GLASS & METAL, INC. for the [Phoenix Condominium] job. At the request of [Arco] and GEORGIA GLASS & METAL, INC. this will confirm that payment in the amount of $225,000.00 will be jointly payable to [Arco] and GEORGIA GLASS & METAL, INC. in accordance with the terms of sale which are 30 days from date of invoice." After this letter was issued the owner began experiencing financial difficulties and subsequently filed for bankruptcy protection. Georgia Glass filed a lawsuit against the owner and a mechanic and materialmen's lien against the condominium project; both however, were stayed by the filing of the bankruptcy petition.

Arco filed this action against Georgia Glass seeking payment on unpaid invoices on May 26, 1988. Arco filed a motion for summary judgment in this case seeking a judgment in its favor on the issue of liability of Georgia Glass for the amounts claimed due. The trial court granted Arco partial summary judgment holding that the joint pay agreement did not relieve Georgia Glass of its obligation to pay Arco, even when the owner had not paid Georgia Glass. Georgia Glass appeals that decision.

The crux of Georgia Glass' argument on appeal is that it construed the joint pay agreement between the parties to mean that both Georgia Glass and Arco would receive payments directly from the owner and that neither party would be entitled to any monies other than from the owner. Georgia Glass further contends that Arco knew how Georgia Glass interpreted that agreement, but remained silent even though Arco interpreted the agreement differently. Therefore, Georgia Glass argues that OCGA § 13-2-4 dictates that its understanding must be the true meaning of the agreement. That statute provides as follows: "The intention of the parties may differ among themselves. In such case, the meaning placed on the contract by one party and known to be thus understood by the other party at the time shall be held as the true meaning."

As the trial court properly found, OCGA § 13-2-4 "has no application where the contract and the terms involved are not ambiguous. *Holloway v. Brown*, 171 Ga. 481, 483 (155 SE 917) [(1930)]." *Village Enterprises v. Ga. R. &c. Co.*, 117 Ga. App. 773, 776 (3) (161 SE2d 901) (1968). "The existence or nonexistence of ambiguity in a contract is a question of law for the court. *Stone Mountain &c. R. v. Stone Mountain &c. Assn.*, 230 Ga. 800, 810 (199 SE2d 216) [(1973)]." *Cass-*

*ville-White Assoc., Ltd. v. Bartow Assoc.*, 150 Ga. App. 561, 564 (3) (258 SE2d 175) (1979).

"A provision in a contract may make payment by the owner a condition precedent to a subcontractor's right to payment if 'the contract [with the] subcontractor should contain an express condition clearly showing that to be the intention of the parties.' [Cit.]" *Sasser & Co. v. Griffin*, 133 Ga. App. 83, 86 (2) (a) (210 SE2d 34) (1974). The documents which evidence the agreement between the parties do not contain such a provision.

While Georgia Glass was obviously mistaken about the effect of the joint pay agreement, a review of the record shows that the trial court correctly held that the terms of the joint pay agreement and the other documents establishing the agreement between the parties were not ambiguous. Unilateral mistake is not a defense to contractual liability. *Jack V. Heard Contractors v. A. L. Adams Constr. Co.*, 155 Ga. App. 409, 414 (3) (271 SE2d 222) (1980). Accordingly, we find no merit in Georgia Glass' argument that the trial court erred in granting partial summary judgment for Arco.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 3, 1991.

*Tennant, Davidson & Thompson, V. Lee Thompson, Jr., Melanie W. Biondi, Kathryn M. Schrader*, for appellant.

*Stokes, Lazarus & Carmichael, William K. Carmichael, Karl M. Terrell*, for appellee.

