A93A0020. BORDERS v. GLOBAL INSURANCE COMPANY.
(430 SE2d 854)

BIRDSONG, Presiding Judge.

Appellant Tommy Reid Borders appeals from the order of the superior court granting summary judgment in a declaratory judgment

action to appellee Global Insurance Company.

Appellant was injured in a collision between his bicycle and a pickup truck driven by Rodney Joseph Brunner; the truck was owned by Jill Hiott, and was an insured vehicle under the terms of a policy issued to Hiott by Global. Brunner was driving the truck with Hiott's permission. Appellant filed suit against Brunner seeking compensatory and punitive damages. Global filed a declaratory judgment action serving appellant; after appellant's answer, Global filed a motion for summary judgment, which the superior court granted. *Held*:

1. On summary judgment, movant has the burden of showing there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law. In ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843).

2. Global, citing *Progressive Preferred Ins. Co. v. Brown*, 261 Ga. 837 (413 SE2d 430), sought to defend this action on the grounds that Hiott was not insured at the time of the collision, because the check she had tendered in payment of the insurance policy premium was returned by her bank for insufficient funds. It is not disputed that a check for $156 tendered by Hiott to her insurance agent was dishonored by her bank and returned for insufficient funds. However, appellant asserts that the real issue is whether the insurance policy was a new policy or a renewal policy (as in *Progressive*), and that this presents a question for the jury. Further, appellant maintains that because the policy at issue was a new policy, rather than a renewal policy, it could be cancelled only by compliance with the cancellation notice provisions of OCGA § 33-24-44, and that Hiott received no notice relative to policy cancellation until after the collision had occurred.

In *Progressive Preferred Ins. Co.*, supra at 838, the Supreme Court stated: "An insurance contract is governed by the ordinary rules of construction and should be construed to ascertain the intention of the parties. [Cits.] In discovering the intent of the parties, the whole instrument should be considered together, along with the surrounding circumstances. [Cit.] Whether a renewal creates a new contract, or extends the original contract, depends primarily on the intention of the parties." Moreover, it is settled that " '[t]he construction of an unambiguous contract is a question of law for the court.' " (Citation omitted.) *Hunnicutt v. Southern Farm &c. Ins. Co.*, 256 Ga. 611, 612 (4) (351 SE2d 638). Insurance contracts, even when ambiguous, are to be construed by the court and no jury question is presented unless, after application of the rules of construction,

an ambiguity remains. *Travelers Ins. Co. v. Blakey*, 255 Ga. 699, 700 (342 SE2d 308). Except in those instances where the meaning of obscurely written words is involved, *and* where there is evidence tending to show that the meaning of such words was differently understood in one way or another by the parties to the contract, it is improper for the court to give the jury any instruction with regard to the manner in which the contract should be construed. *Travelers*, supra. Examination of the insurance documents attached to this record reveals the existence of no "obscurely written words" relevant to the issue here under consideration. Accordingly, we find that the trial court did not err in interpreting the insurance document as pertaining to the renewal of insurance rather than the issuance of a new contract of insurance, and in disposing of this issue as a question of law rather than as a factual issue necessitating jury resolution. See *Progressive*, supra; *Hunnicutt*, supra; *Travelers*, supra.

Examining the record in its totality, we are satisfied that there exists evidence of record to support the conclusion of law of the trial court in interpreting the insurance contract negotiated by the parties, as being intended to be a contract for the renewal of insurance rather than the issuance of a new policy of insurance. The cardinal rule of contract construction is to ascertain the intention of the parties; if that intention is, as in this case, clear and contravenes no rule of law and sufficient words are used to arrive at the intention, it shall be enforced irrespective of all technical or arbitrary rules of construction. OCGA § 13-2-3.

The term "renewal" is broadly defined in OCGA § 33-24-45 (b) (2), as follows: " 'Renewal' means issuance and delivery by an insurer of a policy superseding at the end of the policy period a policy previously issued and delivered by the same insurer and providing no less than the coverage contained in the superseded policy or issuance and delivery of a certificate or notice extending the term of a policy beyond its policy period or term or the extension of the term of a policy beyond its policy period or term pursuant to a provision for extending the policy by payment of a continuation premium." The document at issue met these requirements. It was issued by the same insurer to supersede an existing policy and to extend the term of the existing policy beyond its policy period conditioned upon payment of a continuation premium according to the terms of the renewal document. The offer to renew automobile insurance revealed on its face that the transaction to be consummated was that of policy renewal rather than issuance of a new policy. The record does not establish that the renewal document vested the insured Hiott with any less *coverage* than that previously issued under the superseded policy as pertains to $15/30,000 bodily injury (auto) and $10,000 property damage (auto) coverage.

Although the superseded policy no. NSA 41230, with expiration date of November 2, 1991, appears to contain a basic PIP coverage of $5,000 which does not appear in the renewal document, dated November 2, 1991, we note that effective October 1, 1991, Chapter 34 of Title 33, OCGA, was amended to repeal any requirement for such basic PIP coverage. See generally Editor's Notes, Chapter 34, Title 33, OCGA, citing Ga. L. 1991, p. 1608, §§ 1.12; 3.1; 3.2. The deletion of the $5,000 basic PIP coverage, under these circumstances, does not constitute the providing of a lesser coverage than contained in the superseded policy, within the meaning of OCGA § 33-24-45 (b) (2), so as to preclude as a matter of law the insurance document executed on November 2, 1991, from constituting a "renewal."

Further, the fact that a subsequent insurance agreement is given for administrative purposes a different policy number than the previous policy which it purports to supersede, that it insures additional or different vehicles, that it contains fewer endorsements (not shown by the record to reduce directly the scope of "coverage"), or that it provides for a greater or lesser premium than the insurance contract which it supersedes does not as a matter of law preclude the subsequent agreement from qualifying as a "renewal." Rather, these are factors which may be considered by the court, together with all other relevant factors of record, in its determination of the intent of the parties regarding whether the subsequent document was to provide for a "renewal" or a "new" contract of insurance. Normally, if the parties expressly provide in the subsequent agreement that the document was intended either as a "renewal" or as a "new" contract of insurance, such expression of intent should be given deference in ascertaining their true contractual intent. In this instance, examining the insurance documents in their totality, particularly including the document captioned "Offer to Renew Automobile Insurance," dated November 2, 1991, and considering the relevant portions of the testimony of the insurance agent, we find there exists ample evidence to support the inherent ruling of the trial court, contained within its grant of summary judgment to Global, that the parties intended the subsequent insurance document to be a "renewal" of the contract of insurance. Moreover, the "Renewal Statement," duly dated and signed by the insured Jill Hiott, contained conspicuously therein and in bold-type (within its sub-captioned "Offer to Renew Automobile Insurance") an unequivocal and clear provision that the parties thereto intended if either [Hiott's] "DOWN PAYMENT OR FULL PAYMENT CHECK IS RETURNED BY THE BANK BECAUSE OF NON-SUFFICIENT FUNDS, COVERAGE WILL BE NULL AND VOID FROM INCEPTION."

Additionally, it is a statutory rule of contract construction that: "The intention of the parties may differ among themselves. In such

case, the meaning placed on the contract by one party and known to be thus understood by the other party at the time shall be held as the true meaning." OCGA § 13-2-4. Assuming arguendo it had not been established clearly and without equivocation by the "Renewal Statement" and other relevant evidence of record that the parties mutually intended to renew the insurance contract to be superseded, the result in this instance would remain unchanged. The "Renewal Statement" conclusively establishes that Jill Hiott knew and understood that Global did consider the insurance documents in question to constitute a "renewal." Thus, even if Hiott had harbored a different understanding as to the nature of the "renewal" contract, the result in this case would be the same. Cf. *Gray v. Higgins*, 205 Ga. App. 52, 55 (421 SE2d 341); *Ga. Glass &c. v. Arco Chem. Co.*, 201 Ga. App. 15, 16 (410 SE2d 142).

In either event, we find the trial court did not err in granting summary judgment in favor of Global. The precedent of *Progressive*, supra, is controlling. The "renewal" contract became null and void from its inception, *Progressive*, supra at 840 (4), and no statutory cancellation notice was required. Appellant's assertions in support of his five enumerations of error are without merit.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED APRIL 15, 1993.

*McNeill Holloway III*, for appellant.
*Allgood, Childs, Mehrhof & Millians, Thomas F. Allgood, Jr.*, for appellee.