A94A2556. LEMIEUX v. BLUE CROSS & BLUE SHIELD OF GEORGIA, INC.
(453 SE2d 749)

Birdsong, Presiding Judge.

Kelly Lemieux's physician sued her for payment for services rendered in delivering Lemieux's child by cesarean section. Blue Cross & Blue Shield of Georgia, Inc. ("Blue Cross") was brought in as a third-party defendant. The trial court granted summary judgment to Blue Cross, on a finding that the expenses for her cesarean delivery are not payable under appellant's single-person plan as "complications of pregnancy." The policy provides that "benefits for a normal or difficult delivery are *not* covered," and allows only benefits for "complications of pregnancy," which "[result] from conditions requiring hospital confinement *when the pregnancy is not terminated* and *whose diagnoses are distinct from pregnancy* but are adversely affected by pregnancy or are caused by pregnancy." (Emphasis supplied.)

The trial court held it was unnecessary to decide "whether the diagnosis is distinct, but adversely affected by the pregnancy." Instead, the trial court based its ruling on the provision that benefits were payable only where the pregnancy was "not terminated." The trial court decided that appellant's pregnancy was "terminated" because the child was born; that the doctor's opinion of the meaning of "to terminate a pregnancy" is not controlling; and that "there is nothing to show that this word should be construed as a word of art or as a technical word." The trial court concluded, rather, that since Webster's New Universal Unabridged Dictionary defines "terminated" as meaning "to come to an end in space or time; to stop; to end," this pregnancy "terminated" because it ended in the child's birth. *Held*:

The trial court's reasoning is incorrect, but a judgment right for any reason must be affirmed. *Shapiro v. Lipman*, 259 Ga. 85, 86 (377 SE2d 673). As to construction of insurance contracts, see *Borders v. Global Ins. Co.*, 208 Ga. App. 480, 481 (430 SE2d 854). The cardinal rule in construction of contracts is to ascertain the intention of the parties. Id. Contracts of insurance are construed according to the sense and meaning of the terms the parties used, and if the terms

used are unambiguous, clear, and capable of only one reasonable construction, they must be taken in their plain, ordinary and popular sense as may be supplied by common dictionaries. *Horace Mann Ins. Co. v. Drury*, 213 Ga. App. 321, 322 (445 SE2d 272). But where the contract is ambiguous or open to interpretation, "all the attendant and surrounding circumstances" must be considered to discover the parties' intention. *Mutual Life Ins. Co. of N. Y. v. Barron*, 198 Ga. 1, 7 (30 SE2d 879). The parties' intention determines the sense in which terms are used, and must be sought according to the meaning and spirit in which the agreement was made; the ordinary and legal meaning of the words used must be taken into consideration, but insurance contracts are contracts of adhesion, and when ambiguity is present, construction of the policy is in favor of the insured insofar as that construction is reasonable and unstrained. *James v. Pa. Gen. Ins. Co.*, 167 Ga. App. 427, 431 (306 SE2d 422). An insurance policy is construed liberally to provide coverage and avoid forfeitures (id.), so when a provision is susceptible to two constructions a court must adopt the one most favorable to the insured. *Simmons v. Select Ins. Co.*, 183 Ga. App. 128, 130 (358 SE2d 288).

The "attendant and surrounding circumstances" (*Mutual Life Ins. Co. v. Barron*, supra) governing the intention of these parties are, specifically, medical diagnoses and conditions connected with pregnancy. Coverage for complications of pregnancy is allowed under the policy only when the pregnancy is "not terminated." The plaintiff doctor testified in deposition that in general parlance and in obstetric/gynecologic practice, "termination of pregnancy" is a term of specific meaning which generally refers to the ending of a pregnancy by abortion or miscarriage, whereas the pregnancy is "concluded" if a child is delivered. We take judicial notice that "termination of pregnancy" is commonly understood by laypersons to mean the ending of pregnancy by abortion or miscarriage.

However, the insurer insists, and the trial court found, that "terminate" is not a term of art or technical word and can mean the pregnancy "terminates" if it concludes in birth. In the context of an intended coverage for complications of pregnancy, this contention is unreasonable. All pregnancies "terminate" in some fashion, whether by miscarriage, abortion, birth, death of the mother undelivered or other anomaly. If coverage for complications of pregnancy exists under this policy only where the pregnancy never "terminates" in the common dictionary sense, this would constitute an absurdity in the contract; there would never be coverage of a complication of pregnancy. Such a construction is inconsistent with and would defeat the parties' intent to provide coverage for "complications of pregnancy," and it must be rejected. See *Etheridge v. Woodmen of the World Life Ins. Society*, 114 Ga. App. 807 (152 SE2d 773); see *John Hancock*

*Mut. Life Ins. Co. v. Poss*, 154 Ga. App. 272, 275 (267 SE2d 877). It may seem unfair to exclude coverage for complications of pregnancy if the pregnancy is terminated by abortion or miscarriage while allowing coverage if the pregnancy "concludes" in a birth or delivery, but the parties intended only limited coverage connected with pregnancy and this construction represents a rational basis for the insurer's assumption of risk.

The fact that appellant's pregnancy concluded with the birth of her child therefore does not bar her claim. The question next becomes whether the appellant's cesarean delivery was a condition which was "*distinct from pregnancy* but [was] adversely affected by pregnancy or [was] caused by pregnancy." (Emphasis supplied.) By omitting words, the trial court perceived the question as being "whether the diagnosis is distinct." In fact, the provision says a compensable condition is one which is "*distinct from pregnancy.*" This means the condition must exist or arise independent of pregnancy. Of course the condition of appellant's cesarean delivery was *distinct*, but it was not "distinct from pregnancy." It *was* pregnancy. The services rendered for appellant's cesarean delivery are therefore plainly not covered. It thus becomes unnecessary to flog the provision further.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED DECEMBER 2, 1994 —
RECONSIDERATION DENIED FEBRUARY 6, 1995 — ■■■■■■■

*B. Dean Grindle, Jr.,* for appellant.

*Heyman & Sizemore, Michael R. Hurst, William H. Major,* for appellee.