[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 9, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13976
Non-Argument Calendar

_____

D. C. Docket No. 06-00594-CV-BBM-1

MACTEC ENGINEERING AND CONSULTING, INC.,

Plaintiff-Appellant,

versus

AMERICAN INTERNATIONAL SPECIALTY LINES
INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 9, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

MACTEC Engineering and Consulting, Inc., appeals the judgment on the

pleadings entered in favor of American International Specialty Lines Insurance Company. The district court concluded that an insurance policy required MACTEC to pay at least a $500,000 retention amount on every claim submitted under the policy. We agree and affirm.

## I. Background

American International issued an Architects & Engineers Professional Liability Policy to MACTEC. The only dispute before this Court concerns the interpretation of the Self-Insured Retention provision of the policy. This provision limits the liability of American International to amounts "in excess of the Self-Insured Retention" amount stated on the declarations page. After the aggregate amount is paid by the insured, the "Each/Every (Drop Down)" retention amount applies to all claims:

> The "Each Claim" Self-Insured Retention amount shown in Item 4 of the Declarations is the retention amount applicable to each "claim." However, once the Named Insured pays retentions which in the aggregate equal or exceed the amount shown in Item 4 (aggregate) of the Declarations, the "Each/Every (Drop Down)" retention amount shown in Item 4 of the Declarations shall apply thereafter to each "claim" covered by this policy and in no event shall the retention amount be less than the "Each/Every (Drop Down)" retention amount shown in Item 4 of the Declarations.

The declarations page lists the following amounts, under "Item 4 Self-Insured Retention," that govern the Self-Insured Retention provision of the policy:

| $1,000,000 | Each Claim |
| $2,000,000 | Term Aggregate |
| $500,000 | Each/Every (Drop Down). |

The only claims before the district court were for damages and declaratory relief regarding the interpretation of the Self-Insured Retention provision of the policy. American International moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), and MACTEC moved for partial summary judgment. The district court entered judgment in favor of American International.

## II. STANDARD OF REVIEW

"We review de novo the grant of judgment on the pleadings by the district court." Hardy v. Regions Mortgage, Inc., 449 F.3d 1357, 1359 (11th Cir. 2006) (citing Moore v. Liberty Nat'l Life Ins. Co., 267 F.3d 1209, 1213 (11th Cir. 2001)). Judgment on the pleadings "is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002) (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). "[W]e must accept all facts in the complaint as true and view them in the light most favorable to the plaintiffs." Hardy, 449 F.3d at 1359 (quoting Moore, 267 F.3d at 1213) (internal quotation marks omitted).

## III. DISCUSSION

The issue presented is whether the Self-Insured Retention provision requires MACTEC to pay the $500,000 retention amount on claims that were filed before the $2,000,000 "term aggregate" amount was reached or exceeded after the $2,000,000 "term aggregate" amount is reached or exceeded. We agree with the district court that the Self-Insured Retention provision requires MACTEC to pay at least $500,000 for every claim after the aggregate amount is reached. We affirm.

Under Georgia law, an insurance policy is interpreted the same as any other contract. RLI Ins. Co. v. Highlands on Ponce, LLC, 280 Ga. App. 798, 800, 635 S.E.2d 168, 170–71 (2006) (citing Hunnicutt v. S. Farm Bureau Life Ins. Co., 256 Ga. 611, 612, 351 S.E.2d 638, 640 (1987)). If the policy is "clear and unambiguous" the court enforces the contract according to its terms. Schwartz v. Harris Waste Mgmt. Group, 237 Ga. App. 656, 660, 516 S.E.2d 371, 374 (1999) (citing CareAmerica v. S. Care Corp., 229 Ga. App. 878, 880, 494 S.E.2d 720, 722 (1997)). "A contract is not ambiguous, even though difficult to construe, unless and until an application of the pertinent rules of interpretation leaves it uncertain as to which of two or more possible meanings represents the true intention of the parties." Cincinnati Ins. Co. v. Davis, 153 Ga. App. 291, 294, 265 S.E.2d 102, 105 (1980) (citing Village Enters. v. Ga. R.R. Bank & Trust Co., 117 Ga. App. 773,

774, 161 S.E.2d 901, 903 (1968)).

The Self-Insured Retention provision is "clear and unambiguous." It provides that MACTEC must pay $1,000,000 towards each claim before American International is liable. After MACTEC has paid a total, or "aggregate," amount of $2,000,000, the "Each/Every (Drop Down)" retention amount of $500,000 applies to each claim. The final clause clearly states that MACTEC must pay at least a $500,000 retention amount for every claim, without regard to when the claim is reported, after MACTEC has paid the aggregate amount.

MACTEC argues that, because the declaration page uses the word "aggregate," which it defines as "total amount" or "entire sum," it has to pay only the $2,000,000 "term aggregate" amount for all claims reported before that amount is reached or exceeded. MACTEC reasons that "term aggregate" can only mean the total amount it has to pay under the insurance policy. It concedes that, for claims reported after the "term aggregate" amount is reached, the $500,000 retention amount applies, but MACTEC argues that, for claims reported earlier, the retention amount is inapplicable. This argument is internally inconsistent and unpersuasive. We agree with the district court.

The judgment on the pleadings in favor of American International is **AFFIRMED**.

5