**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 8, 2017**

# In the Court of Appeals of Georgia

A16A2036. AUTO-OWNERS INSURANCE COMPANY v. SMITH et al.

MCFADDEN, Presiding Judge.

This appeal is from a trial court order denying summary judgment to an insurer in its declaratory judgment action. The insurer claims that various defendants were not covered by an insurance policy. As to the named insured, the sole owner of the named insured, and an additional insured named in an endorsement to the policy, there are genuine issues of material fact; so the trial court correctly denied summary judgment. But because the other defendants were not insureds under the policy or endorsement, and those defendants failed to point to specific evidence otherwise creating genuine issues of material fact, the trial court erred in denying summary judgment to the insurer as to them. So we affirm in part and reverse in part.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a denial of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*GEICO Gen. Ins. Co. v. Wright*, 299 Ga. App. 280, 281 (682 SE2d 369) (2009) (citations omitted).

So viewed, the evidence shows that CSYG, Inc., operated an Avis car rental lot in downtown Atlanta. CSYG hired Byron Perry to clean cars at the location. On the night of August 23, 2013, after the Avis lot had closed, Perry stole (or, according to his deposition testimony, helped a mysterious and elusive homeless person steal) a Ford Edge sport utility vehicle from the lot. Shortly before midnight, the driver of the vehicle was fleeing from police when the vehicle crashed into a brick wall. Adrienne Smith was sitting on the wall at the time of the collision and was injured. Perry, who was in the vehicle, fled from the scene and later pled guilty to multiple crimes arising from the incident, including theft by taking, failure to maintain a lane, attempting to elude police, reckless driving, and hit and run.

Smith subsequently filed a complaint against Avis Rent A Car System, LLC; Avis Budget Group, Inc.; PV Holding Corp., which owned the vehicle; CSYG and

2

its sole owner, Yonas Gebremichael; Peter Duca, a regional security manager for Avis; and Perry. The complaint alleged that Perry was the driver of the vehicle, set forth various claims of negligence against the defendants, and sought damages for the injuries sustained by Smith in the collision.

Thereafter, Auto-Owners Insurance Company, which had issued a commercial general liability insurance policy to CSYG, filed a declaratory judgment action against Smith and all of the defendants named in her tort suit, claiming that the policy did not cover the causes of action brought by Smith against those defendants. Auto-Owners moved for summary judgment, asserting that the defendants in Smith's action were not insureds under the policy or, alternatively, that the policy expressly excluded claims arising out of automobile accidents from coverage. The trial court denied the motion, and this appeal followed.

1. *Byron Perry.*

Auto-Owners contends that the trial court erred in failing to grant it summary judgment as to defendant Perry on the ground that Perry was not insured under the policy at the time of the accident. We agree.

It is undisputed that Perry was not a named insured under the policy, which identified only CSYG as the primary insured. The policy provided that CSYG

3

employees were insured, "but only for acts within the scope of their employment by [CSYG] or while performing duties related to the conduct of [CSYG's] business[.]" Although Perry was a CSYG employee, he unquestionably was not within the scope of his employment or performing duties related to the conduct of CSYG's business when, after business hours, he allegedly stole a vehicle from CSYG's lot and later drove it into a brick wall. Indeed, Perry himself deposed that when he was in the Ford Edge on the night in question he was not on the job and the incident was "[n]ot in any way" connected with his employment with CSYG. See *Hankerson v. Hammett*, 285 Ga. App. 610, 613 (1) (647 SE2d 319) (2007) (employee's operation of employer's truck for personal trip had no connection whatsoever with his employment).

We note that although Perry admitted in his deposition that he had pled guilty to multiple criminal offenses arising from the vehicle theft and collision, he also claimed in his deposition that a homeless man he knew as N. O. had actually stolen the vehicle; that he and N. O. planned to sell the stolen vehicle; and that N. O. was driving the vehicle, while Perry was a passenger in the vehicle, at the time of the collision. While Perry's self-serving deposition testimony, which contradicted his guilty pleas, may create a question of fact as to whether he was actually driving the vehicle as alleged in Smith's complaint, it does not create a genuine issue of *material*

4

fact that alters the analysis or outcome of Auto-Owners' motion for summary judgment. Regardless of whether Perry was driving the stolen vehicle or was a passenger in it at the time of the collision, it is still undisputed that he was not in the scope of his employment or performing duties for CSYG's business. Whether he was the driver or a passenger at that time, his use of the vehicle had no connection whatsoever with his employment. Accordingly, under the plain terms of the policy, he was not an insured entitled to coverage and the trial court therefore erred in denying summary judgment to Auto-Owners on this ground. See *Hicks v. Heard*, 297 Ga. App. 689, 691 (1) (678 SE2d 145) (2009).

2. *Avis Budget Group, PV Holding, and Peter Duca.*

Auto-Owners asserts that the trial court erred in denying summary judgment in its favor as to defendants Avis Budget Group, PV Holding, and Peter Duca because none of them were insureds under the policy or an endorsement to the policy that named additional insured entities. We agree.

Auto-Owners has pointed to the undisputed fact that Avis Budget Group, PV Holding, and Duca were not named insureds under the policy, which, as noted above, named only CSYG as an insured. Likewise, none of those three defendants was named in an endorsement which amended the policy to include Avis Rent A Car and

5

Budget Rent A Car as additional insured entities under the section of the policy entitled "WHO IS AN INSURED." Moreover, those three defendants have not pointed to any evidence showing that they were otherwise included within the WHO IS AN INSURED section, which identified additional insured parties, such as employees or executive officers. We note that Avis Budget Group has attempted to show that it was an additional insured because Avis Rent A Car was named as an insured under the policy endorsement discussed above, and the policy provided that the *members* of a limited liability company such as Avis Rent A Car were also insureds. However, Avis Budget Group, while claiming that it was the parent company of Avis Rent A Car, has not pointed to any evidence establishing as a matter of fact that in that corporate structure it was also a *member* of Avis Rent A Car, LLC.

When a motion for summary judgment is made and supported by evidence, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response . . . must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." OCGA § 9-11-56 (e). Thus, "[t]o withstand [Auto-Owners'] motion for summary judgment, [Avis Budget Group, PV Holdings, and Duca] must come forward with specific evidence giving rise to a triable issue on [their being insured

6

under the policy]." *Travelers Home and Marine Ins. Co. v. Castellanos*, 297 Ga. 174, 177 (1) (773 SE2d 184) (2015) (citation and punctuation omitted). Because they have failed to do so, Auto-Owners is entitled to summary judgment as to Avis Budget Group, PV Holdings, and Duca.

3. *Avis Rent A Car.*

Although Avis Rent A Car was expressly named as an additional insured in the policy endorsement discussed above, Auto-Owners argues that Avis Rent A Car was still not entitled to coverage under the policy. Auto-Owners cites language in the endorsement providing that Avis Rent A Car was insured "only with respect to their liability as grantor of a franchise to [CSYG]." Auto-Owners then points to an operating agreement between Avis Rent A Car and CSYG which provided that CSYG was not a franchisee. Thus, Auto-Owners reasons, because that agreement stated that CSYG was not a franchisee and the insurance policy endorsement provided that Avis Rent A Car was insured only with respect to liability as grantor of a franchise, then "Avis Rent A Car cannot be an insured under the terms of the [e]ndorsement." We disagree.

As an initial matter, Auto-Owners has not pointed to any definitions of the terms "grantor of a franchise," which appears in the insurance policy endorsement

between Auto-Owners and CSYG, or the term "franchisee" which appears in the operating agreement between Avis Rent A Car and CSYG. And without citing any authority, Auto-Owners contends that the word "franchisee" is capable of only one commonly understood meaning. However, Auto-Owners has failed to provide any such common meaning for us. Given the lack of pertinent definitions in the two separate contracts and the failure to provide a purportedly common definition for either the word "franchise" or "franchisee," Auto-Owners has not definitively shown that those similar, but different, terms were intended by the different parties of those two contracts to mean precisely the same thing.

Moreover, "[a]n insurance policy is governed by the ordinary rules of contract construction, and the cardinal rule of construction is to ascertain the intent of the parties." *Grange Mutual Cas. Co. v. Snipes*, 298 Ga. App. 405, 407-408 (2) (680 SE2d 438) (2009) (citations omitted). Here, the clear intent of CSYG and Auto-Owners, as evinced in the plain language of the endorsement, was to include Avis Rent A Car as an additional insured under certain circumstances. However, Auto-Owners' interpretation would contravene that clear intent by forfeiting any coverage for Avis Rent A Car under any circumstances, which "would violate the rule that an insurance policy is construed liberally to provide coverage and avoid forfeitures." Id.

8

at 408 (2) (citation and punctuation omitted). See also *Hoover v. Maxum Indem. Co.*, 291 Ga. 402, 407 (3) (730 SE2d 413) (2012) ("Georgia courts do not favor forfeitures in construing insurance contracts.") (citation omitted). Similarly, Auto-Owners' interpretation of the insurance policy endorsement would render it meaningless and "it is well established that a court should avoid an interpretation of a contract which renders portions of the language of the contract meaningless." *ALEA London Ltd. v. Woodstock*, 286 Ga. App. 572, 576 (2) (649 SE2d 740) (2007) (citation and punctuation omitted). Accordingly, Auto-Owners has failed to show that there exist no genuine issues of material fact and that it is entitled to judgment as a matter of law as to Avis Rent A Car being an insured under the policy.

Alternatively, Auto-Owners argues that if Avis Rent A Car was an insured under the policy, then an exclusion from coverage applied because the car in question was rented or loaned to Avis Rent A Car. That exclusion provided, in pertinent part, that "[t]his insurance does not apply to . . . '[b]odily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any . . . 'auto' . . . owned or operated by or *rented or loaned* to any insured." (Emphasis supplied). In support of its argument, the only evidence cited by Auto-Owners is deposition testimony by an Avis representative who stated that cars in the local

market were owned by PV Holding and were leased to Avis. This testimony did not explicitly clarify the local market being referred to; did not specify that "Avis" necessarily meant Avis Rent A Car, as opposed to some other Avis entity; and did not expressly state that the specific vehicle in question, the Ford Edge involved in this case, was in fact "loaned or rented" to Avis Rent A Car.

"Where the insurer seeks to invoke an exclusion contained in its policy, it has the burden of proving the facts come within the exclusion." *Interstate Life & Accident Ins. Co. v. Wilmont*, 123 Ga. App. 337 (1) (180 SE2d 913) (1971) (citations omitted). At most, the evidence relied on by Auto-Owners creates genuine issues of material fact as to whether or not the specific vehicle at issue in this case was loaned or rented to an insured and thus triggered the exclusion. Because there exist genuine issues of material fact, summary judgment was not appropriate on this basis. See OCGA § 9-11-56 (c).

4. *CSYG.*

Auto-Owners argues that even though CSYG is the named insured covered by the policy, the trial court should have entered summary judgment against CSYG and its sole owner on the ground that the exclusion discussed above was triggered because the Ford Edge at issue in this case was rented to CSYG. In support of this

10

contention, Auto-Owners cites language in the operating agreement between CSYG and Avis Rent A Car indicating that Avis vehicles "may be rented by [CSYG]" and that Avis Rent A Car will "furnish" vehicles to CSYG. However, this general contractual language does not necessarily prove that the Ford Edge involved in this case was, without question, rented to CSYG. While this contractual language may, at most, create a question of fact as to whether or not that particular vehicle was rented to CSYG, the existence of such a genuine issue of material fact supports the trial court's denial of summary judgment in favor of Auto-Owners as to CSYG and its sole owner on this basis. See OCGA § 9-11-56 (c).

*Judgment affirmed in part and reversed in part. McMillian, J., concurs. Miller, P. J., concurs in the judgment only.*