[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 10, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14280
Non-Argument Calendar

_____

D. C. Docket No. 06-03062-CV-MHS-1

INEZ H. RAKESTRAW,

Petitioner-Appellant,

versus

SOUTHERN GUARANTY INSURANCE COMPANY OF GEORGIA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 10, 2008)**

Before BIRCH, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Inez H. Rakestraw appeals the summary judgment granted in favor of

Southern Guaranty Insurance Company of Georgia and against Rakestraw's complaint of breach of contract. Rakestraw argues that the district court erred when it concluded that her injuries were excluded from coverage under the Southern Guaranty policy. We affirm.

## I. BACKGROUND

On October 19, 2005, Rakestraw was injured when a 2001 Dodge Ram pickup truck owned by Darrell Blankenship and driven by his son, Dustin, struck Rakestraw's vehicle. Dustin was working for his father's business and was on his way to pick up a piece of equipment needed for use at a job site. A fuel tank, air compressor, and tool box had been permanently attached to the bed of the truck. Dustin planned to use the air compressor to reinflate a flat tire on the needed piece of equipment and then tow the equipment back to the job site.

Darrell Blankenship carried automobile liability insurance issued by Georgia Farm Bureau Insurance Company with limits of liability for bodily injury of $250,000. Blankenship also had a commercial general liability insurance policy issued by Southern Guaranty with limits of liability for bodily injury of $2,000,000. The Southern Guarantee policy expressly excluded from coverage liability arising out of the use of any "auto":

> This insurance does not apply to . . . "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or

2

entrustment to others of any . . . "auto" . . . owned or operated by or rented or loaned to any insured.

Southern Guaranty policy, sec. I, para. (2)(g). The auto exclusion did "not apply to . . . 'Bodily injury' or 'property damage' arising out of the operation of any of the equipment listed in Paragraph **f.(2)** or **f.(3)** of the definition of 'mobile equipment.'" Id. at para. (2)(g)(5). Paragraph f of the definition of "mobile equipment" stated that "self-propelled vehicles with the following types of permanently attached equipment are not 'mobile equipment' but will be considered 'autos': . . . **(3)** Air compressors . . . ."

Rakestraw sued the Blankenships to recover damages for her injuries. A final judgment was entered in her favor in the amount of $1,224,263.89. Georgia Farm Bureau paid $250,000 of the award, leaving an unpaid balance of $974,263.89, plus interest. Southern Guarantee denied coverage under the commercial policy. The Blankenships assigned to Rakestraw all their assignable rights against Southern Guaranty. Rakestraw then filed this lawsuit against Southern Guaranty for breach of contract and sought to recover the balance owed on the judgment, plus interest and attorney's fees. The district court concluded that Rakestraw's injuries were excluded from coverage under the Southern Guaranty policy and granted summary judgment in favor of Southern Guaranty.

## II. STANDARD OF REVIEW

3

We review the grant of summary judgment by a district court de novo. Twin City Fire Ins. Co. v. Ohio Cas. Ins. Co., 480 F.3d 1254, 1258 (11th Cir. 2007). Summary judgment is appropriate when "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

### III.  DISCUSSION

Rakestraw argues that the district court erred when it concluded that the Southern Guaranty policy excluded her injuries from its coverage. Rakestraw contends that the exception to the auto exclusion for "'[b]odily injury' arising out of the operation of any of the equipment listed in Paragraph **f.(2)** or **f.(3)** of the definition of 'mobile equipment'" applied to except her injuries from exclusion. Rakestraw argues that the district court erred when it concluded that the "equipment listed in Paragraph . . . **(f).(3)**" included "[a]ir compressors" and not "self-propelled vehicles with . . . permanently attached [air compressors]." Rakestraw also argues that even if the exception applied only to operation of the air compressor, the transportation of the air compressor constituted its "operation" and the term "operation" was ambiguous. We disagree and affirm the judgment of the district court.

Under Georgia law, an insurance policy is interpreted the same as any other

4

contract. RLI Ins. Co. v. Highlands on Ponce, LLC, 280 Ga. App. 798, 800, 635 S.E.2d 168, 170–71 (2006) (citing Hunnicutt v. S. Farm Bureau Life Ins. Co., 256 Ga. 611, 612, 351 S.E.2d 638, 640 (1987)). If the policy is "clear and unambiguous" the court enforces the contract according to its terms. Schwartz v. Harris Waste Mgmt. Group, 237 Ga. App. 656, 660, 516 S.E.2d 371, 374 (Ct. App. 1999) (citing CareAmerica v. S. Care Corp., 229 Ga. App. 878, 880, 494 S.E.2d 720, 722 (Ct. App. 1997)). "A contract is not ambiguous, even though difficult to construe, unless and until an application of the pertinent rules of interpretation leaves it uncertain as to which of two or more possible meanings represents the true intention of the parties." Cincinnati Ins. Co. v. Davis, 153 Ga. App. 291, 294, 265 S.E.2d 102, 105 (Ct. App. 1980) (citing Village Enters. v. Ga. R.R. Bank & Trust Co., 117 Ga. App. 773, 774, 161 S.E.2d 901, 903 (Ct. App. 1968)).

The district court correctly concluded that the exception to the auto exclusion applied to injury arising from the operation of the air compressor, and not to injury arising from the operation of "self-propelled vehicles . . . with permanently attached [air compressors]." The policy is unambiguous. The exception to the auto exclusion included air compressors but not the self-propelled vehicles to which an air compressor was attached. The transportation of the air compressor did not constitute its "operation."

5

Because Rakestraw's injuries arose from the use of an "auto," they were excluded from coverage under the Southern Guaranty policy. Because the injuries did not arise from the operation of the air compressor, the exception to the auto exclusion did not apply. Southern Guaranty did not breach its contract when it denied coverage for Rakestraw's injuries.

## IV.  CONCLUSION

The summary judgment in favor of Southern Guaranty is

**AFFIRMED**.