In the

# United States Court of Appeals

## For the Seventh Circuit

——————————

Nos. 22-2683 & 22-2688

ARTISAN AND TRUCKERS CASUALTY COMPANY,

*Plaintiff-Appellant/Cross-Appellee,*

*v.*

THE BURLINGTON INSURANCE COMPANY,

*Defendant-Appellee/Cross-Appellant*

*and*

SOUTHERN TRUSS, INC., DOUGLAS FORREST, GAYLON CRUSE, in-dividually and doing business as CRUSE CONSTRUCTION COMPANY, and MARK DUCKWORTH,

*Defendants-Appellees,*

———————————————————————————

THE BURLINGTON INSURANCE COMPANY,

*Defendant/Counter/Cross-Plaintiff-Appellee/Cross-Appellant,*

*v.*

ARTISAN AND TRUCKERS CASUALTY COMPANY,

*Plaintiff/Counter-Defendant-Appellant, Cross-Appellee,*

*v.*

SOUTHERN TRUSS, INC., DOUGLAS FORREST, GAYLON CRUISE, individually and doing business as Cruse Construction Company, and MARK DUCKWORTH,

*Defendants-Appellees,*

———————————

Appeals from the United States District Court for the
Southern District of Illinois.
No. 3:21-cv-00497 — **J. Phil Gilbert**, *Judge*.

———————————

ARGUED OCTOBER 26, 2023 — DECIDED JANUARY 8, 2024

———————————

Before FLAUM, BRENNAN, and KIRSCH, *Circuit Judges*.

KIRSCH, *Circuit Judge*. Gaylon Cruse and Mark Duckworth were involved in an accident at a construction site while installing roof trusses. To lift the roof trusses into place, Douglas Forrest operated a power crane that was permanently attached to a 2007 International 760 truck owned by Southern Truss. As Cruse and Duckworth stood on ladders to secure the trusses, Forrest prematurely released tension on a truss, causing it to fall and collapse onto other trusses. The trusses then struck Cruse and Duckworth and knocked them to the ground. After the accident, Cruse and Duckworth sued in Illinois state court, seeking damages for bodily injury from Southern Truss and Forrest.

Southern Truss had a commercial auto policy issued by Artisan and Truckers Casualty Company and a commercial general liability policy issued by The Burlington Insurance Company. Artisan's auto policy states that it will pay damages for bodily injury arising out of the use of an insured auto. The policy contains an operations exclusion (and related definitions) providing, in relevant part, that Artisan has no duty to defend against a lawsuit for bodily injury when (1) the injury arises out of the operation of equipment attached to a land vehicle, and (2) the land vehicle is used primarily to

provide mobility to a permanently attached power crane. Burlington's general liability policy states that it will pay damages for bodily injury. In some instances, Burlington will not have a duty to defend under its policy. As applicable to the facts of this appeal, if Artisan has no duty to defend under its auto policy, then Burlington has a duty to defend under its general liability policy.

Both Artisan and Burlington denied a duty to defend in the underlying lawsuit. To sort out the duty to defend, Artisan sued in federal court, seeking a declaration that under its auto policy, it owed no duty to defend. It also sought a declaration that Burlington owed a duty to defend. Both Artisan and Burlington moved for judgment on the pleadings, and the district court denied both motions. It concluded that the declarations page of Artisan's policy conflicted with the policy's operations exclusion, creating an ambiguity that should be construed in favor of the insured. The court also held that Burlington had a duty to defend in addition to Artisan because Burlington's duty to defend extended to some claims in the underlying lawsuit that Artisan's duty to defend did not. Artisan appealed, and Burlington cross-appealed. On appeal, both Artisan and Burlington argue that they have no duty to defend under their respective policies. Artisan argues that its policy is unambiguous and that its operations exclusion applies, while Burlington argues that it has no duty to defend, in part because Artisan does have a duty to defend.

We review de novo a district court's judgment on the pleadings, *Hanover Ins. v. R.W. Dunteman Co.*, 51 F.4th 779, 785 (7th Cir. 2022), and its construction of an insurance policy, *Lexington Ins. v. RLI Ins.*, 949 F.3d 1015, 1021 (7th Cir. 2020). Judgment on the pleadings is proper when there is no disputed issue of material fact, and the moving party is entitled

to judgment as a matter of law. *United Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017). Under Illinois law, "[a]n insurance policy is a contract, and the general rules governing the interpretation of other types of contracts also govern the interpretation of insurance policies." *Crescent Plaza Hotel Owner, L.P. v. Zurich Am. Ins.*, 20 F.4th 303, 308 (7th Cir. 2021) (quotation omitted).

We must give effect to the parties' intentions, "'as expressed in the policy language,'" and apply the terms as written if the policy is unambiguous. *Id.* (quoting *Thounsavath v. State Farm Mut. Auto. Ins.*, 104 N.E.3d 1239, 1244 (Ill. 2018)). The policy is ambiguous if its language is "subject to more than one reasonable interpretation, as applied to the dispute before the court," *id.* (citation omitted), but we "'will not strain to find an ambiguity where none exists,'" *id.* (quoting *Founders Ins. v. Munoz*, 930 N.E.2d 999, 1004 (Ill. 2010)). And ambiguous policy language is construed against the insurer but only if it is ambiguous "after application of other principles or canons of interpretation and only if the ambiguity cannot otherwise be resolved." *Schuchman v. State Auto Prop. & Cas. Ins.*, 733 F.3d 231, 238 (7th Cir. 2013) (cleaned up).

Artisan notes that the underlying lawsuit alleged negligent operation of a crane attached to a truck and that the truck is listed on the Artisan policy as an insured auto, but it maintains that it has no duty to defend because the operations exclusion applies. Burlington disagrees, stating that an ambiguity in the application of Artisan's policy trumps the operations exclusion. It observes that the policy's definition of "insured auto" includes "[a]ny auto specifically described on the declarations page" and that the declarations page lists the 2007 International 760 truck with permanently attached equipment. Thus, in Burlington's view, the declarations page

indicates that the policy covers the crane, conflicting with the operations exclusion and creating an ambiguity that should be resolved in favor of the insured.

But the declarations page does not conflict with the operations exclusion. The declarations page lists the 2007 International 760 including permanently attached equipment only in the truck's "Stated Amount" of $70,000, which indicates its current retail value. The declarations page notes that "[i]n the event of a total loss, the maximum amount payable is the lesser of the Stated Amount or Actual Cash Value, less deductible" (see the following excerpt of the declarations page).

| | | | | | | |
|---|---|---|---|---|---|---|
| 13. | **2007 Intl 760** | | | Stated Amount: | *$70,000 (including Permanently Attached Equip) | |
| | VIN:  1HSWYAHT37J406213 | | | Garaging Zip Code: 62946 | Radius: 100 | |
| **Liability Premium** | Liability | UM BI | UIM BI | Med Pay | | |
| | $2,797 | $48 | $45 | $9 | | |
| **Physical Damage Premium** | Comp Deductible | Comp Premium | Collision Deductible | Collision Premium | | Auto Total |
| | $1,000 | $451 | $1,000 | $1,278 | | **$4,628** |

*A vehicle's stated amount should indicate its current retail value, including any special or permanently attached equipment.  In the event of a total loss, the maximum amount payable is the lesser of the Stated Amount or Actual Cash Value, less deductible.  Be sure to check stated amount at every renewal in order to receive the best value from your Progressive Commercial Auto policy.

In other words, the declarations page simply provides that if the truck (including the permanently attached crane) is totaled, the most that Artisan will pay for the truck plus the crane is $70,000. Nowhere does it suggest that Artisan will cover bodily injury arising out of the operation of the crane. The declarations page thus does not conflict with the operations exclusion, and there is no ambiguity in the application of Artisan's policy.

The operations exclusion applies when the bodily injury arises out of the operation of equipment attached to a land vehicle that is used primarily to provide mobility to a permanently attached power crane. Cruse and Duckworth's bodily injuries arose out of the use of a power crane permanently attached to a truck, and Burlington does not argue that the

truck's primary purpose was something other than providing mobility to the crane. The operations exclusion therefore applies, and Artisan has no duty to defend. Because Artisan has no duty to defend, Burlington does have a duty to defend under its policy. We thus reverse the district court's denial of Artisan's motion for judgment on the pleadings but affirm its denial of Burlington's motion.

AFFIRMED IN PART AND REVERSED IN PART