In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 23-1478

ATAIN SPECIALTY INSURANCE CO.,

*Plaintiff-Appellee,*

*v.*

BAILEY WATSON,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court for the
Southern District of Illinois.
Nos. 3:21-cv-00415, 3:21-cv-01259 — **J. Phil Gilbert**, *Judge.*

———————————

ARGUED DECEMBER 8, 2023 — DECIDED MARCH 11, 2024

———————————

Before SYKES, *Chief Judge,* and RIPPLE and ROVNER, *Circuit Judges.*

PER CURIAM. Bailey Watson was struck and seriously injured by a truck with an attached woodchipper. She then brought an action against the driver, James Hodge, in Illinois state court. Her complaint set forth claims of negligence against Hodge and of vicarious liability against his company, Riverbend Tree Service ("Riverbend"), a tree removal and trimming business. Hodge's insurer, Atain Specialty

Insurance Company ("Atain"), then filed a complaint for declaratory judgment in federal district court, seeking a declaration that it had no obligation to defend or to indemnify Hodge.

After obtaining a default judgment against Hodge in state court, Ms. Watson filed a garnishment action against Atain, which Atain removed to federal court. The district court consolidated the two actions, and later granted Atain the requested declaration, dismissed Ms. Watson's garnishment action, and entered judgment accordingly. We agree that the accident is excluded from coverage under both of Hodge's insurance policies, and we therefore affirm the judgment of the district court.

# I

# BACKGROUND

In August 2020, Ms. Watson was severely injured by Hodge's truck with an attached woodchipper. According to Ms. Watson, when the accident occurred, "Hodge was driving his 1986 Ford F-150 truck with woodchipper attached" and "was in the process of leaving [his] property . . . to dump a load of tree limbs, tree trunks and other tree removal by-product due to his work efforts."[1] Ms. Watson "was a pedestrian walking near [Hodge's] vehicle when [his] truck and/or wood chipper struck her, knocked her to the ground, and traversed over her body."[2] Ms. Watson filed suit against Hodge in Illinois state court.

---

[1] R.1-1 at 2.

[2] *Id.*

At the time of the accident, Hodge, doing business as Riverbend, held two insurance policies with Atain: an errors and omissions policy and a commercial general liability policy. Hodge's errors and omissions policy excluded coverage for "bodily injury" arising out of the use of an "auto," which the policy defined as "a land motor vehicle . . . designated for travel on public roads, including any attached machinery or equipment."[3] His commercial general liability policy also excluded coverage for bodily injury arising out of the use of any auto. But unlike the errors and omissions policy, the commercial general liability policy contained an operation "exception" to the auto "exclusion." That operation exception provided coverage for bodily injury arising out of "[t]he operation of machinery or equipment that was attached to, or part of, a land vehicle that would qualify under the definition of 'mobile equipment' if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged."[4]

In its action for declaratory relief in federal court, Atain contended that it had no duty to defend or to indemnify Hodge for Ms. Watson's injuries. In her state tort action, Ms. Watson ultimately obtained a default judgment against Hodge when he failed to appear. She then filed a garnishment proceeding against Atain. Atain subsequently removed the garnishment proceeding to federal court, and the district court consolidated the two proceedings. The parties filed cross-motions for summary judgment.

---

[3] R.1-5 at 25.

[4] *Id.* at 61.

The district court granted Atain's motion and denied Ms. Watson's. In determining whether Atain had a duty to defend Hodge in the underlying lawsuit, the district court viewed the "central question" as whether the woodchipper was in operation when Ms. Watson was injured. *Atain Specialty Ins. Co. v. Hodge*, No. 21-cv-00415, 2023 WL 1959136, at *5 (S.D. Ill. Feb. 13, 2023). Because "[t]he woodchipper was not being actively used, running, or otherwise turned on during the instant accident," the district court concluded that "[t]he undisputed facts indicate[d] the woodchipper was not in operation." *Id.* at *6. Therefore, the auto exclusion in each of Hodge's insurance policies barred coverage, and Atain had no duty to defend or to indemnify Hodge in the underlying lawsuit. The district court dismissed Ms. Watson's garnishment action on the same ground.

Ms. Watson timely appealed.

## II

## DISCUSSION

We review the district court's grant of summary judgment de novo. *Am. Bankers Ins. Co. of Florida v. Shockley*, 3 F.4th 322, 327 (7th Cir. 2021). Because this dispute comes to us under the district court's diversity jurisdiction, we apply state substantive law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Nat'l Am. Ins. Co. v. Artisan & Truckers Cas. Co.*, 796 F.3d 717, 723 (7th Cir. 2015). The parties do not dispute that Illinois law applies.

Our "primary objective in construing the language of [an insurance policy] is to ascertain and give effect to the intentions of the parties as expressed in their agreement." *Am. States Ins. Co. v. Koloms*, 687 N.E.2d 72, 75 (Ill. 1997). In doing

so, we "must construe the policy as a whole and take into account the type of insurance purchased, the nature of the risks involved, and the overall purpose of the contract." *Id.*

When determining whether an insurer has a duty to defend under Illinois law, we compare the allegations in the underlying complaint to the provisions of the insurance policy. *Pekin Ins. Co. v. Wilson*, 930 N.E.2d 1011, 1016–17 (Ill. 2010) (citing *Koloms*, 687 N.E.2d at 75). "The allegations in the underlying complaint must be liberally construed in favor of the insured," *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 607 N.E.2d 1204, 1220 (Ill. 1992), and "[a]n insurer may not justifiably refuse to defend an action against its insured unless it is clear from the face of the underlying complaints that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage." *U.S. Fidelity & Guar. Co. v. Wilkin Insulation Co.*, 578 N.E.2d 926, 930 (Ill. 1991) (emphasis removed). Illinois courts thus apply the so-called "eight-corners rule," comparing "the four corners of the underlying complaint with the four corners of the insurance contract." *Pekin Ins. Co. v. St. Paul Lutheran Church*, 78 N.E.3d 941, 951 (Ill. App. Ct. 2016); *Farmers Auto. Ins. Ass'n v. Country Mut. Ins. Co.*, 722 N.E.2d 1228, 1232 (Ill. App. Ct. 2000). We therefore compare Ms. Watson's complaint to both of Hodge's insurance policies, and ask whether it is clear that the accident is not covered by either policy.

Because Hodge's errors and omissions policy contains no exclusion to its auto exception, the accident is not covered by that policy, which forecloses coverage when bodily injury arises out of the use of an auto. Hodge's Ford F-150 truck fits the policy's definition of an auto, which it describes as "a land motor vehicle . . . designated for travel on public roads,

including any attached machinery or equipment."[5] Atain therefore has no duty to defend based on Hodge's errors and omissions policy.

Nor does Hodge's commercial general liability policy provide coverage. Coverage under this policy requires that two conditions be met: (1) the woodchipper must have been in operation at the time of the accident, and (2) the truck must have qualified as mobile equipment had it not been subject to a compulsory or financial responsibility law or other motor vehicle insurance law. Because we conclude that the woodchipper was not in operation, we need not reach the question of whether the truck would have constituted mobile equipment had it not been subject to certain vehicle laws.

We agree with our colleague in the district court that the woodchipper cannot be considered in operation at the time of the accident. The policy does not define "operation," and so we look to the "plain, ordinary, and popular meaning" of the term. *Founders Ins. Co. v. Munoz*, 930 N.E.2d 999, 1005 (Ill. 2010). According to one dictionary definition, "operation" means "the quality or state of being functional or operative." Merriam-Webster's Collegiate Dictionary 869 (11th ed. 2020). Here, the truck itself was in operation, but that is not enough. The operation exclusion applies—and therefore an accident is covered by the policy—when bodily injury arises out of "[t]he *operation of machinery or equipment* that is attached to, or part of, a land vehicle."[6] The woodchipper was not being operated at the time of the accident, but rather passively pulled behind

_____

[5] R.1-5 at 25.

[6] *Id.* at 61 (emphasis added).

the truck. The operation exception, therefore, does not apply. *See Rakestraw v. S. Guar. Ins. Co. of Georgia*, 262 F. App'x 180, 182 (11th Cir. 2008) (holding that operation exception to the auto exclusion did not apply to accident involving pickup truck transporting air compressor because "transportation of the air compressor did not constitute its operation"); *Berkley Reg'l Specialty Ins. Co. v. Dowling Spray Serv.*, 864 N.W.2d 505, 509 (S.D. 2015) (holding that road accident between motorcycle and John Deere tractor used for spraying crops was not covered under operation exception because sprayer was not in operation but rather traveling as land vehicle); *cf. Artisan & Truckers Cas. Co. v. Burlington Ins. Co.*, 90 F.4th 893, 897 (7th Cir. 2024) (noting that power crane attached to truck was in operation when actively being used to install roof trusses). Atain had no duty to defend Hodge from Ms. Watson's underlying lawsuit.

## Conclusion

Because the woodchipper was not in operation at the time of Ms. Watson's accident, the district court correctly determined that Atain had no duty to defend or to indemnify Hodge in the underlying lawsuit.

AFFIRMED